UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RANDALL KIRK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:07-CV-957-WKW |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, DONNY | ) |
| HOLLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER

COMES NOW Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm") and for answer to the Complaint and each count thereof, separately and severally, heretofore filed in this cause, defends, separately and severally, as follows:

### First Defense

Defendant State Farm alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant State Farm pleads the general issue and denies each and every material allegation of the Complaint not herein admitted and demands strict proof

thereof.

### Third Defense

Defendant State Farm affirmatively avers that if a relevant policy of insurance was afforded herein by it for or on behalf of Plaintiff, said policy is the best evidence of its contents and is pled herein as though copied herein in its entirety. Defendant specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

### Fourth Defense

Defendant State Farm affirmatively denies that it is estopped from asserting any conditions precedent, conditions subsequent, or coverage as affirmative defenses to the Plaintiff's claims.

### Fifth Defense

Defendant State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to the Plaintiff's claims.

### Sixth Defense

Defendant State Farm affirmatively denies that it nor any of its employees, servants and agents actions were part of a pattern and practice of underpaying or deny valid claims as a cost saving measure as alleged in ¶ 12 of Plaintiff's Complaint and

demands strict proof thereof.

### Seventh Defense

Defendant State Farm affirmatively denies that it engaged in a pattern and practice to victimize other similarly situated individuals as alleged in ¶ 13 of Plaintiff's Complaint and demands strict proof thereof.

### Eighth Defense

Defendant State Farm affirmatively denies that it breached the contract of insurance as alleged in ¶ 14 of Plaintiff's Complaint and demands strict proof thereof.

### Ninth Defense

Defendant State Farm affirmatively denies that it nor any of its agents, servants or employees are guilty of any bad faith in their conduct dealing with Plaintiff as alleged and demands strict proof thereof.

### Tenth Defense

Defendant State Farm expressly denies the existence of any error, bad judgment, or negligence in any way connected with the handling of Plaintiff's claim and in any decision which might have been made to dispute any coverages under the insurance contract.

### Eleventh Defense

Defendant State Farm affirmatively avers that there exists a lawful basis upon

which to refuse payment on the claim submitted by Plaintiff.

### Twelfth Defense

Defendant State Farm affirmatively denies any intentional failure to perform any duty implied by law of good faith and fair dealing with Plaintiff.

### Thirteenth Defense

Defendant State Farm affirmatively avers that there was no absence of a legitimate or arguable reason for the denial of any benefits claimed under the policy by Plaintiff.

### Fourteenth Defense

Defendant State Farm affirmatively avers that there was no intentional failure to determine whether there was any lawful basis for refusal to pay any portion of benefits, and further that said Defendant is unaware of a conscious doing of any wrong in the adjustment of Plaintiff's claim made the basis of this suit.

### Fifteenth Defense

Defendant State Farm affirmatively denies it has wrongfully and in bad faith failed and refused to adequately investigate Plaintiff's claim made the basis of this suit and demands strict proof thereof.

### Sixteenth Defense

Defendant State Farm affirmatively denies that Plaintiff was injured to the

nature and extent claimed and contests damages.

### Seventeenth Defense

Defendant State Farm denies it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

### Eighteenth Defense

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### Nineteenth Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### Twentieth Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### Twenty-First Defense

Defendant State Farm avers that any award of punitive damages to Plaintiff in

this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

### Twenty-Second Defense

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)   It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### Twenty-Third Defense

Plaintiff's claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

### Twenty-Fourth Defense

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and

Fourteenth Amendments of the United States Constitution.

### Twenty-Fifth Defense

Any award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

### Twenty-Sixth Defense

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 ALA. CODE (1975), and is barred.

### Twenty-Seventh Defense

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a)   It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could

achieve this goal;

(b)  It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c)  It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d)  It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

## Twenty-Eighth Defense

Defendant avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to Code of Alabama § 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

### Twenty-Ninth Defense

Defendant State Farm affirmatively pleads all applicable statute of limitations.

_____
MICHEAL S. JACKSON [JAC015]
JAMES H. ANDERSON [AND021]
CONSTANCE T. BUCKALEW [BUC015]
ANGELA TAYLOR BAKER [TAY062]
Attorneys for Defendant State Farm Fire
and Casualty Company

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
 PATTY & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

| | |
|---|---|
| Nick Wooten, Esq.<br>**WOOTEN LAW FIRM, P.C.**<br>P. O. Drawer 290<br>Lafayette, AL 35862 | David Hodge, Esq.<br>**PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.**<br>1100 Park Place Tower<br>2001 Park Place North<br>Birmingham, Alabama 35203 |

on this the 23rd day of October, 2007.

_____
Of Counsel