IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2007 OCT 23  P 3: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RANDALL KIRK | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:07-CV-957-WKW |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, | ) |
| DONNY HOLLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT DONNY HOLLEY'S MOTION TO DISMISS

COMES NOW Defendant (Donny Holley)and moves this Court to dismiss Count Three of Plaintiff's Complaint[1] pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*. Count Three of Plaintiff's Complaint fails to state a claim against Holley upon which relief can be granted. Plaintiff can prove no set of facts in support of any allegation set forth in Count Three of the Complaint that would entitle her to relief against Holley. In support thereof, Defendant Holley states as follows:

## INTRODUCTION

Plaintiff's Complaint arises from her submission of a claim to State Farm Fire and Casualty Company regarding storm damage to her home. Plaintiff's Complaint

---

[1] Count Three is the only Count of the Complaint asserted against Holley.

alleges Defendant Holley negligently or wantonly procured the policy of insurance

on Plaintiff's home.  Plaintiff's Complaint also alleges breach of contract and bad

faith against Defendant State Farm.  As will be demonstrated below, even when this

allegation is viewed most strongly in Plaintiff's favor, Defendant Holley  contends

that there is no circumstance which would entitle Plaintiff to relief.

## II. ARGUMENT

### A.    MOTION TO DISMISS STANDARD

On May 21, 2007, the United States Supreme Court issued *Bell Atlantic v.*

*Twombly*, 550 U.S. _____(2007), 127 S.Ct. 1955, 2007 WL 1461066 (U.S.),

effectively redefining the standard for a Rule 12(b)(6) Motion to Dismiss.  Prior to

*Twombly*, the standard for analyzing a motion to dismiss was set forth in *Conley v.*

*Gibson*, 355 U.S. 42(1957). *Conley* stated that   "[a] complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief."

*Id.* at 45-46. In *Twombly*, the Court revisited *Conley* and set forth the following

standard for motions to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to
> dismiss does not need detailed factual allegations ... a
> plaintiff's obligation to provide the 'grounds' of his
> 'entitlement to relief' requires more than labels and
> conclusions, and a formulaic recitation of the elements of

> the cause of action will not do ... Factual allegations must
> be enough to raise a right to relief above the speculative
> level ... on the assumption that all the allegations in the
> complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 1964-68.   The Court further noted that the plaintiff must

present plausible grounds to state a claim for relief, specifically stating that

"something beyond a mere possibility of loss causation" must be pled to satisfy Rule

8. *Id.* at 1968-69 (citing *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005)).

Even though *Twombly* was an anti-trust case, the Court expressly rejected the

previous "no set of facts" standard enumerated by *Conley*, *supra*, a labor law case,

thereby suggesting this new standard for deciding motions to dismiss is applicable to

all cases, not merely those sounding in anti-trust. The Court's earlier standard was

more generous to the plaintiff in that a Motion to Dismiss would only be granted if

"no set of facts" could support a plaintiff's claims.   The emphasis on the "no set of

facts" language encouraged denial of a motion to dismiss on any facts presented by

a plaintiffs regardless of their implausibility. In discrediting the *Conley* opinion

Justice Souter wrote:

> [T]here is no need to pile up further citations that Conley's
> 'no set of facts' language has been questioned, criticized
> and explained away long enough .... [A]fter puzzling the
> profession for 50 years, this famous observation has earned
> its retirement. The phrase is best forgotten as an
> incomplete, negative gloss on an accepted pleading

> standard: once a claim has been stated adequately, it may
> be supported by any set of facts consistent with the
> allegations in the complaint... Conley, then, described the
> breadth of opportunity to prove what an adequate
> complaint claims, not the minimum standard of adequate
> pleading to govern a complaint's survival.

*Id.* at 1969.  *Twombly* did not seek to heighten the pleading standards but required

"only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Because the Plaintiff in this case has failed to plead her claims against Defendant

Holley "across the line from conceivable to plausible", the allegations against Holley

are due to be dismissed. *Id.* at 1974.

### B.    ALLEGATIONS AGAINST HOLLEY

A review of all the allegations against Holley in Plaintiff's Complaint reveals

why the Complaint fails to state a claim against Holley.  First,  Plaintiff asserts

Defendant Holley procured a homeowner's insurance policy for Plaintiff's home and

that State Farm issued the homeowners policy which specifically provided coverage

for wind and/or hail damage. (Complaint, ¶ 6).  These assertions confirm Plaintiff

wanted a policy which provided coverage for wind and/or hail damage, that

Defendant Holley procured said policy and that State Farm indeed issued said policy

to Plaintiff.  Plaintiff then claims in Count Three that Defendant Holley negligently

or wantonly procured the policy of insurance because State Farm did not pay for wind

and hail damage but Holley informed Plaintiff the policy she purchased provided coverage for wind and/or hail. Since Plaintiff desired a homeowners policy which provided coverage for wind and/or hail damage and Defendant Holley procured a homeowners policy for Plaintiff which provided said coverage, Defendant Holley was not negligent or wanton in the procurement of the policy. The State Farm homeowners policy issued to Plaintiff specifically provides coverage for the accidental direct physical loss to the insured property which includes wind and/or hail damage:[2]

## SECTION I - LOSSES INSURED

### COVERAGE A - DWELLING

> We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED.**

(Exhibits "A," "B," and "C," p. 5). Since Defendant Holley procured the exact policy Plaintiff requested then Plaintiff has wholly failed to assert a plausible claim of negligent or wanton procurement against Defendant Holley.

Plaintiff appears to suggest in her Complaint that because State Farm allegedly

---

[2] Attached as Exhibits "A," "B," and "C" are copies of Plaintiff's homeowners policies. The attachment of said policy declaration pages to this motion to dismiss does not convert said motion into a motion for summary judgment. *Deerman v. Federal Home Loan Mortgage Corp.*, 955 F.Supp. 1393, 1397 (N.D. Ala. 1997). *See also Holyfield v. Moates*, 565 So.2d 186 (Ala. 1990).

denied her claim for wind and/or hail damage then the only reason for said denial was because the policy did not provide coverage for said type of loss; i.e. Holley negligently or wantonly procured her policy. (Complaint, ¶ 17) To the contrary, as set forth in the policy language above, the Plaintiff's policy of insurance does provide insurance benefits for wind and/or hail damage if that type of loss actually occurred. State Farm's alleged denial of Plaintiff's insurance claim does not automatically equate to negligent or wanton procurement on the part of Holley. Based on the plain language of the Complaint, Plaintiff has failed to assert a plausible claim of negligent or wanton procurement.

The Court in *Twombly* was clear that the new standard now requires the trial court to consider the likelihood of the allegations, to not only weigh the allegations against the law, but also against logic. *See generally Twombly*. The new standard requires the Court to determine whether enough facts have been stated in the Plaintiff's Complaint to conclude that it is plausible that the Plaintiff is entitled to relief, not merely that relief is remotely possible. *Id.* at 1968 - 1969. In the case sub judice, Plaintiff's allegations fail to present plausible evidence to even suggest why she is entitled to relief. While Plaintiff may argue her claim against Holley is remotely possible, the claim is wholly implausible, thereby warranting dismissal under the newly established standard set forth in *Twombly*. "When the allegations in

a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be ... exposed at the point of minimum expenditure of time and money by the parties and the Court.'" *Id.* at 1966.    Count Three  of Plaintiff's Complaint against Defendant Holley should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff's claims against Defendant Holley for negligent or wanton procurement are due to be dismissed as the Complaint shows on its face that Holley in fact procured a policy which covers wind and hail damage, and, therefore, cannot be liable for negligent failure to procure.  Plaintiff's Complaint does not allege that State Farm denied the claim because there was wind and hail and that the policy does not cover wind and hail.  The fact State Farm denied the claim -- if it did -- does not change the policy terms and does not remove coverage for wind and hail from the policy.  The denial -- if it happened -- subjects State Farm to an action for breach of contract and, if warranted, bad faith; but the denial -- if it happened -- does not

subject Holley to an action for negligent/wanton failure to procure when the policy

clearly provides that coverage.  Therefore, Holley is due to be dismissed.


_____

**JAMES H. ANDERSON [AND021]**
**MICHEAL S. JACKSON [JAC015]**
Attorneys for Donny Holley

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
  PATTY & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Nick Wooten
WOOTEN LAW FIRM, P.C.
P. O. Drawer 290
Lafayette, AL 35862

David Hodge
PITTMAN, HOOKS, DUTTON, KIRBY
& HELLUMS, P.C.
1100 Park Place Tower, 2001 Park Place N.
Birmingham, Alabama 35203

on this the _____ day of October, 2007.

_____
OF COUNSEL

State Farm Fire and Casualty Company

Home Office, Bloomington, Illinois 61710



**Birmingham Operations Center**
100 State Farm Parkway
P.O. Box 2661
Birmingham, Alabama 35297-0001

## CERTIFICATE

I, the undersigned, do hereby certify that I am custodian of the
records pertaining to the issuance of policies issued by the
Personal Lines Division of State Farm Fire & Casualty Company,
a stock company with home offices in Bloomington, Illinois.

Based on our available records, I further certify that the attached
coverage summary  dated DEC 22, 2005 represents a true copy of
the policy provisions and coverages as of FEB 05, 2006 for policy
93-CA-6580-0 issued to    KIRK, RANDALL C
                          PO BOX 384
                          LANETT AL   36863-0384

LOCATION:   5438 16TH ST SW
            LANETT AL   36863-4212

_Bill Lovell_

Bill Lovell
Underwriting Section Manager
State Farm Fire & Casualty Company
Birmingham Operation Center
Birmingham AL   35297-0001

State of     Alabama

County of    Jefferson

Subscribed and sworn to before me this _15th_ day of _October, 2007_

EXHIBIT
"A"

_Contan Nichols Horton_
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 5, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My commission expires:

SF- Kirk- 5438 16 St.
SF-00079



**State Farm Fire and Casualty Company**
100 State Farm Parkway
Birmingham, AL 35297-0001

B-09- 1520-F282 F   R

KIRK, RANDALL C
PO BOX 384
LANETT AL  36863-0384

|ı.ıl.ıll.ıl.ıl.ıı.ıııl.ıll.ıııl.ıll.ıl.ıl.ıl.ıl.ıl.ıll.ıll|

Location:  5438 16TH ST SW
          LANETT AL
          36863-4212

Mortgagee:  MC CORMICK, E J
            Loan No:  N/A-Print on Paystub

**Forms, Options, and Endorsements**
Special Form 3                      FP-8103.3
Debris Removal Endorsement          FE-7540
Bodily Injury Amended Defin         FE-8654
Fungus (Including Mold) Excl        FE-5722
Amendatory Subrogation Cond         FE-5841

---

**RENEWAL CERTIFICATE**  Page 2 of 21

| POLICY NUMBER | 93-CA-6580-0 |
|---|---|

Rental Dwelling Pol - Special Form
FEB 05 2006  to  FEB 05 2007

| DATE DUE | SEE BALANCE DUE NOTICE |
|---|---|
| FEB 05 2006 | $441.00 |

**Coverages and Limits**

**Section I**
| | | |
|---|---|---|
| A | Dwelling | $56,500 |
| | Dwelling Extension | 5,650 |
| B | Personal Property | 2,825 |
| C | Loss of Rents | Actual Loss |

**Deductibles - Section I**
| | |
|---|---|
| Basic | 500 |

**Section II**
| | | |
|---|---|---|
| L | Business Liab (per occurrence) | $300,000 |
| | (annual aggregate) | 600,000 |
| M | Medical Payments to Others | 1,000 |
| | (each person) | |

| | |
|---|---|
| **Annual Premium** | $441. |
| **Amount Due** | $441. |

**Premium Reductions**
Your premium has already been reduced
by the following:
Home Alert Discount                          8.

Inflation Coverage Index:    201.0

---

SF- Kirk- 5438 16 St.
SF-00080

38 3349 5470
*See reverse side for important information.*

*Thanks for letting us serve you...*

E  0836   2011   I
   1V,TF

**Agent** DONNY HOLLEY
**Telephone** (334) 644-2111

REB

Prepared  DEC 22 200

13B-3076 f 6 Rev. 04-2005  Printed in U.S.A.  (o113089a)

**CONTINUED FROM FRONT**

**our Rental Dwelling coverage amount....**

t is up to you to choose the coverages and limits that meet your needs. We recommend that you purchase a coverage limit qual to the estimated replacement cost of your rental dwelling. Replacement cost estimates are available from building ontractors and replacement cost appraisers, or, your agent can provide an estimate from Xactware, Inc. using information ou provide about your rental dwelling. We can accept the type of estimate you choose as long as it provides a reasonable evel of detail about your rental dwelling. State Farm does not guarantee that any estimate will be the actual future cost to ebuild your rental dwelling. Higher limits are available at higher premiums. Lower limits are also available, as long as the mount of coverage meets our underwriting requirements. We encourage to periodically review your coverages and limits with our agent and to notify us of any changes or additions to your rental dwelling.

SF- Kirk- 5438 16th St.
SF-00081

**OTICE TO POLICYHOLDER:**

or a comprehensive description of coverages and forms, please refer to your policy.

olicy changes requested before the "Date Prepared", which appear on this notice, are effective on the Renewal Date of this olicy unless otherwise indicated by a separate endorsement, binder, or amended declarations. Any coverage forms attached this notice are also effective on the Renewal Date of this policy.

olicy changes requested after the "Date Prepared" will be sent to you as an amended declarations or as an endorsement to our policy. Billing for any additional premium for such changes will be mailed at a later date.

during the past year, you've acquired any valuable property items, made any improvements to insured property, or have any uestions about your insurance coverage, contact your State Farm agent.

lease keep this with your policy.

1f008qg) Rev. 05-2005        (o1f315a)

**SECTION I - ADDITIONAL COVERAGES**

Debris Removal is replaced by the following:

1. Debris Removal. We will pay the reasonable expenses you incur in the removal of debris of covered property when coverage is afforded for the peril causing the loss. This expense is included in the limit applying to the damaged property.

We will pay up to $500 in the aggregate for each loss to cover the reasonable expenses you incur in the removal of tree debris from the residence premises when the tree has damaged property covered under Coverage A.

When the amount payable for the property damage plus the debris removal expense exceeds the limit for the damaged property, an additional 5% of that limit is available for debris removal expense.

All other policy provisions apply.

FE-7540
(9/89)

SF- Kirk- 5438 16th St.
SF-00082

FE-8654
(4/98)

# BODILY INJURY AMENDED DEFINITION ENDORSEMENT

The definition of **bodily injury** is replaced by the following:

**"bodily injury":**

a. means physical injury, sickness or disease to a person, including required care, loss of services and death resulting therefrom;

b. does not include:

(1) disease, bacteria, parasite, virus or other organism, any of which are communicable and transmitted by any **insured** to any other person;

(2) the exposure to any such disease, bacteria, parasite, virus or other organism by any **insured** to any other person; or

(3) emotional distress, mental anguish, humiliation, mental distress, mental injury or any similar injury unless it arises out of actual physical injury to some person.

All other policy provisions apply.

Printed in U.S.A.

FE-8654
(4/98)

SF- Kirk- 5438 16th St.
SF-00083

FE-5722

## FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

### DEFINITIONS

In all policies, the following definition is added:

"fungus" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.

### SECTION I - LOSSES NOT INSURED

In SPECIAL FORM 3 policies only, item 1.j. is replaced by the following:

j. rust, or wet or dry rot;

The following is added to item 2. of Losses Not Insured in SPECIAL FORM 3 policies or under Losses Not Insured in BASIC MODIFIED REPLACEMENT COST - FORM 1 policies:

Fungus, including the growth, proliferation, spread or presence of fungus, and including:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by fungus;

(2) any remediation of fungus, including the cost or expense to:

(a) remove or clean the fungus from covered property or to repair, restore or replace that property;

(b) tear out and replace any part of the building or other property as needed to gain access to the fungus;

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the fungus; or

(d) remove any property to protect it from the presence of or exposure to fungus;

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of fungus, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

### SECTION II - EXCLUSIONS

In all policies, the following exclusion is added to item 1.:

l. any:

(1) bodily injury, personal injury, or property damage arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any fungus at or from any source or location; or

(2) loss, cost or expense arising out of any:

(a) request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of fungus; or

(b) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of fungus.

All other policy provisions apply.

FE-5722

SF- Kirk- 5438 16th St.
SF-00084

FE-5841

# AMENDATORY SUBROGATION CONDITION ENDORSEMENT

**SECTION I AND SECTION II - CONDITIONS**

Subrogation is replaced with the following:

**Subrogation.**

a.  If any **insured** to or for whom we make payment under this policy has rights to recover damages from another, those rights are automatically transferred to us to the extent of our payment. We are subrogated to the full extent of our payment and our rights are not dependent on whether that **insured** is fully compensated for their loss or is made whole. The application of a deductible under this policy shall not prevent any **insured** from being considered fully compensated or made whole.

b.  If any **insured** to or for whom we have made payment has not recovered from any party liable for the damages, that **insured** shall:

    1)  take no action after a loss prejudicing our rights under this contract;

FE-5841

    2)  keep these rights in trust for us;

    3)  sign and deliver any legal papers we need;

    4)  when we ask, take action through our representative to recover our payments;

    5)  cooperate with us in a reasonable manner.

c.  If any **insured** to or for whom we have made payment recovers from any other party liable for the damages:

    1)  that **insured** shall hold in trust for us the proceeds of the recovery; and

    2)  that **insured** shall reimburse us to the extent of our payment.

d.  Any **insured** may waive in writing before a loss all rights of recovery against any person.

**Subrogation** does not apply under **SECTION II** to **PREMISES MEDICAL PAYMENTS**.

SF- Kirk- 5438 16th St.
SF-00085

AL-MISS  (09)              PDQ - Name and Address              QNB001F0


F 93 CA6580 0      Team/Div/Unit: RDP RCUP                    B
                                        Type: RENTAL DWELL 3

Status: 20 EXTRACT - RENEWAL  R   Note  IV

Eff: 02-05-2006  Exp: 02-05-2007
Agt: 1520-F282  Name: HOLLEY, DONALD A      (Donny    ) Ph: 334-644-2111
                                            Addl interest: 01
  Insured                       1st Addl Type: MTG
N: KIRK, RANDALL C
A: PO BOX 384                        N: MC CORMICK, E J
C: LANETT AL                         A: PO BOX 55
                                     C: CUSSETA AL

                        36863-0384

Ph: 334-576-5639 B
SSN 1: 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                   Zip: 36852-0055
DOB 1: 04-19-1960
  Ins is: INDIVIDUAL


  Location
5438 16TH ST SW
LANETT AL


Zip: 36863-4212




                                              07/10/12
PDQ screen: _____ Next system: PDQ  Input screen  _____    ID: NG8T



                                        SF- Kirk- 5438 16th St.
                                             SF-00086

```
AL-MISS  (09)                PDQ - General Data                    QNB002T6


F 93 CA6580 0  Name: KIRK, RANDALL C              Type: RENTAL DWELL 3
Status: 20 EXTRACT - RENEWAL  R  Note  IV

Eff: 02-05-2006 EXP: 02-05-2007
        Ratable: YES  Prem code: 2  Term: 98

Last entry date: 12-22-2005    LPU date: 02-06-2007        Stat agent: 1520


    Billing Information
Total premium:         441.00

                            Acct renewal dt: 01-06-2006  B-10: N


                         Commission data
                Occr Agt  Mgr CC Np Rate Ctl  Premium
                 1  1520               0  0      441.00
```

```
                                             07/10/12
PDQ Screen: _____ Next system:  PDQ  Input screen _____   ID: NG8T
```

**SF- Kirk- 5438 16th St.**
SF-00087

```
AL-MISS  (09)          PDQ - Statistical Policy Information              QNB035A1


F 93 CA6580 0   Name: KIRK, RANDALL C
Eff: 02-05-2006  Exp:  02-05-2007


----Coverages-----     --Med Pay Limits--
                         A33        1000


  A32      300000


Forms and opt:
  FP /8103/3    FE /7540     FE /8654     FE /5722     FE /5841




Risk no: 1
  YR ISS 96      RATEIV 081    RATE V  17.00  ZONE V 5.03
  SBZN V 5.03    IV    8



        Total number of loc: 0001    Total coverage A:    56,500
                                     Total coverage B:     2,825



                                                      07/10/12
PDQ screen: _____ Next system: PDQ  Input screen _____   ID: NG8T
```

SF- Kirk- 5438 16th St.
SF-00088

AL-MISS  (09)          PDQ - Statistical Line Information          QNB034W1


F 93 CA6580 0   Name: KIRK, RANDALL C
Eff: 02-05-2006  Exp: 02-05-2007

| Ln | PACE Index | Coverage Amount | Ded | Ded Liability | Annual Premium | Accounting Premium | Sp Zn | Sb Cov | Pol Cd | R |
|---|---|---|---|---|---|---|---|---|---|---|
| 001 | R-201.0 | 56500 | 500 | 300000 | 441.00 | | 45 | RD | 3 | 1 |
| | | | | Total: | 441.00 | | | | | |


| Ln | Loc No | Const | PC | Cnty | City | MTE | Yr Blt | Remod Yr | No Units | Spr | Cr | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 0001 | F | 4003 | 009 | Y460 | | 1945 | | 1 | | | 1 |


| Ln | Hm Alert | Alarm Cr/Pct | New/Rem/OH | Sq Ft | Roof | Roof Cl | Area | Wind Cr | Eq Cl | R |
|---|---|---|---|---|---|---|---|---|---|---|
| 001 | SA | $8/ 2% | $25 | 900 | S | | | | | 1 |


| Ln | BCEG | Certified BC | Improved BC Yr | Community BC | LPEX | Stove | R |
|---|---|---|---|---|---|---|---|
| 001 | | | | | | | 1 |


| Ln | Roof Cov | Hail Res | Inst Dt | HRC/PCT | Subzn | WLRRP | WLRCr/Fct | R |
|---|---|---|---|---|---|---|---|---|
| 001 | | | | | 03 | | | 1 |


                                                           07/10/12
PDQ screen: _____  Next system: PDQ_  Input screen _____  Loc: _____    ID: NG8T

**SF- Kirk- 5438 16th St.**
SF-00089

```
AL-MISS  (09)              PDQ - Underwriting Screen                    QNB004T0


F 93 CA6580 0   Name: KIRK, RANDALL C                  Type: RENTAL DWELL 3
 Status: 20 EXTRACT - RENEWAL  R Note  IV

Eff: 02-05-2006  Exp: 02-05-2007
                           Move-in: N
Agt: 1520-F282 Name: HOLLEY, DONALD A        (Donny     ) Phone: 334-644-2111
                      Additional interests: 01 Yr blt: 1945 Yr iss: 1996


Forms and options:  FP /8103/3    SPECIAL FORM            Deductibles
  FE /7540     DEBRIS REMOVAL              ALL PERILS       500
  FE /8654     BI AMENDED DEF
  FE /5722     FUNGUS EXCL
  FE /5841     AMEND SUB COND


                                              Coverages

                          Total coverage A              56500
                          Total coverage B               2825
Total premium:     441.00
                          Business liability  (A32)     300000
 --------- Und Reports -----------       Aggregate liability          600000
Vend Report Result Score   Date          Med pay per person  (A33)      1000
  I   G                  12-07-1999


LNGTD: - 85.2525460       Loss history      Date of last CDQ: 06-28-2007
LATUD:  32.8501340                          Claim         No Claims:     1
Match type:  A                              Number      Loss Date    Status
                                            01X517162   04-19-2006   CLOSED




                                                       07/10/12
PDQ screen: _____  Next system: PDQ_  Input screen  _____    ID: NG8T
```

SF- Kirk- 5438 16th St.
SF-00090

AL-MISS  (09)                    PDQ - Notes                        QNB006D7


F 93 CA6580 0        Name: KIRK, RANDALL C              Type: RENTAL DWELL 3
  Agt: 1520-F282     Name: HOLLEY, DONALD A         (Donny        )


Roof: S    900

              Photo: 02-23-2004




    Last reinspection: 02-23-2004        By: REGION        Entered: 08-05-2004

              Inactive notes exist - View using Trio Notes

    Pol Note  A-31C REC LETTER DATED 08-13-04. REPALCE REAR AND SIDE DOOR
         1:   Oper ID: VI5   Date: 08-12-2004











                                                            07/10/12
    PDQ screen: _____   Next system: PDQ   Input screen: _____     ID: NG8T










SF- Kirk- 5438 16th St.
                                                        SF-00091

AL-MISS  (09)              Claim History Review              QNN542X3


Pol no: F 93 CA6580 0  Insured: KIRK, RANDALL C              Oper: NG8T

Yr iss: 1996 Exp: 02-05-2008 Type: RENTAL DWELL 3  SAS:     Agt/AFO: 1520 F282

Status: 01 Prop amt:      60400 Ded:     ALL PERILS      500  No claims:   1

        Claim    Date of      Cause/
No     Number     Loss       Reason     Status
  1 01X517162  04-19-2006  35/HLC     CLOSED

          Reserve         Paid    Recovery     Expense    Mold Ind
           Amount       Amount      Amount      Amount      Amount
  1             0         3184           0         467           0
                    INSURED KIRK, RANDALL C
                                 Initial dt closed: 07-08-2007

                                              SF- Kirk- 5438 16th St.
                                                   SF-00092

AL-MISS  (09)                Claim Detail Cause                QNN544T0


Pol no: F 93 CA6580 0        SAS:          Type: RENTAL DWELL 3
Insured: KIRK, RANDALL C                    Agt: 1520 HOLLEY, DONALD A
         PO BOX 384                         Exp: 02-05-2008
Status: 01 NOT IN BILL CYCLE  R    No claims:  1
Yr iss: 1996                       Prop amt:     60400
   Ded:     ALL PERILS        500


Claim no: 01X517162        Dt of loss: 04-19-2006      Dt closed: 07-08-2007 RC:
   Pol no: F 93 CA6580 0   Dt reported: 06-28-2007  Indem amt pd:       3184.20
   Agent: 1520              Suit/ADR: Y/             Reserve amt:          0.00
    Type: RENTAL DWELL 3    Cat code: RA             Expense amt:        467.00
    Unit:  4 8              Salvage: NO             Recovery amt:          0.00
  Status: CLOSED           Subrogation: NO           Mold ind amt:         0.00
                                                     Claim off: MONTGOMERY OP CN

    Ins: KIRK, RANDALL C              Claimant:
         PO BOX 384            Claimant dt of birth:
Adjuster: ANGELA       B PIERCE        Adjuster phone no: 334-213-1082
Und Rev:
                                    Initial dt closed: 07-08-2007



  Cause/Line: 35/RD          WIND OR HAIL - BUILDING
       Status: PD          CLOSED BY FINAL INDEMNITY PAYMENT
Indem amt pd:       3184.20  Reserve amt:         0.00 Loc no: 0001
 Expenses pd:        467.00  Recovery amt:        0.00
     Comment: HL HAIL LOSS

  Cause/Line:
       Status:
Indem amt pd:               Reserve amt:               Loc no:
 Expenses pd:               Recovery amt:
     Comment:
                                                   07/10/12
                                                   @NG8T

Next system: PDQ    PDQ screen: UND    Page:    1

SF- Kirk- 5438 16th St.
SF-00093

```
AL-MISS (09)    **** PDQ - HISTORY OF TRANSACTION ****        QNB007B7

F 93 CA6580 0    NAME KIRK, RANDALL C

                                            ENTRY    EFFECTIVE
                    TRANSACTION        OP ID  DATE       DATE        PREMIUM
RENEWAL COMM RELEASED (RENEWAL              02-06-2007
WRITTEN PREM RELEASED PREVIOUSLY)

WRITTEN PREM RELEASED WITHOUT COMM          02-05-2007
(RENEWAL EFFECTIVE DATE REACHED)

BILLING                                    12-22-2006 02-05-2007     467.00

WRITTEN PREM AND COMM RELEASED              01-06-2006

BILLING                                    12-22-2005 02-05-2006     441.00

WRITTEN PREM AND COMM RELEASED              01-18-2005

BILLING                                    12-22-2004 02-05-2005     427.00

REINSPECTION                          CMS8 08-05-2004 02-23-2004
        Region

TOWNCLASS CHANGED BY RECODE                 02-13-2004 02-13-2004

WRITTEN PREM AND COMM RELEASED              01-08-2004

BILLING                                    12-22-2003 02-05-2004     409.00

1ST ADDITIONAL INTEREST CHANGED       GGC3 10-01-2003 09-26-2003
        OLD MTG - MC CORMICK, E G

WRITTEN PREM AND COMM RELEASED              01-06-2003


                *** OVERFLOW - PRESS PF14 ***
                                                        07/10/12
PDQ SCREEN _____   NEXT SYSTEM PDQ   INPUT SCREEN _____  ID: NG8T
```

SF- Kirk- 5438 16th St.
SF-00094

```
AL-MISS  (09)    **** PDQ - HISTORY OF TRANSACTION ****        QNB007B7

F 93 CA6580 0    NAME KIRK, RANDALL C

                                     ENTRY    EFFECTIVE
                  TRANSACTION    OP ID   DATE     DATE        PREMIUM
        BILLING                         12-23-2002 02-05-2003   342.00

        TERRITORY ZONE CHANGED BY RECODE       04-17-2002 04-17-2002

        WRITTEN PREM AND COMM RELEASED         01-03-2002

        BILLING                         12-21-2001 02-05-2002   306.00

        WRITTEN PREM AND COMM RELEASED         01-12-2001

        BILLING                         12-22-2000 02-05-2001   250.00

        WRITTEN PREM AND COMM RELEASED         12-30-1999

        BILLING                         12-14-1999 02-05-2000   243.00

        FPA ADDED                       12-07-1999 12-07-1999

        NAME AND ADDRESS CHANGE      AQF7  02-05-1999
              INSURED NAME AND/OR ADDRESS CHANGE

        WRITTEN PREM AND COMM RELEASED         01-11-1999

        BILLING                         12-23-1998 02-05-1999   235.00

        WRITTEN PREM AND COMM RELEASED         01-07-1998

        BILLING                         12-22-1997 02-05-1998   233.00


                *** OVERFLOW - PRESS PF14 ***
                                                     07/10/12
        PDQ SCREEN ____   NEXT SYSTEM PDQ  INPUT SCREEN ____   ID: NG8T
```

SF- Kirk- 5438 16th St.
SF-00095

```
AL-MISS  (09)    **** PDQ - HISTORY OF TRANSACTION ****        QNB007B7

F 93 CA6580 0    NAME KIRK, RANDALL C

                                        ENTRY     EFFECTIVE
                  TRANSACTION      OP ID  DATE       DATE        PREMIUM
DECREASE ENDORSEMENT              AQF7  06-13-1997  05-01-1997     18.41
        PROTECTION CLASS CHANGED

CODE CHANGE                       AQF7  06-12-1997  06-12-1997

TOWNCLASS CHANGED BY RECODE             04-10-1997  04-10-1997

WRITTEN PREM AND COMM RELEASED          01-03-1997

BILLING                                 12-23-1996  02-05-1997    252.00

REINSPECTION                      AQF7  02-15-1996  02-05-1996
        Agent

NEW BUSINESS                      AQF7  02-15-1996  02-05-1996    249.00
```

```
                                                    07/10/12
PDQ SCREEN _____  NEXT SYSTEM PDQ  INPUT SCREEN _____   ID: NG8T
```

**SF- Kirk- 5438 16th St.**
SF-00096

```
AL-MISS  (09)    **** HISTORY OF JOURNAL ACTIVITY SCREEN ****          QND536A2

93 CA6580 0      NAME KIRK, RANDALL C                    TYPE RENTAL DWELL 3

                                               REMITTER/   CROSS      BALANCE
JNL DATE JNL CO     AMOUNT         ACCOUNT       PAYEE    REFERENCE     DUE
02-07-07 PCT  F     467.00 CR 336-00 CASH SUSP   INS
         PCT  F     467.00 DR 307-74 CPC PYMT    INS      IE20

02-06-07 PCT  F     467.00 DR 336-00 CASH SUSP
         PCT  F     467.00 CR 235-12 PICC

02-05-07 PCT  F     467.00 CR 010-04 WRIT PREM
         PCT  F     467.00 DR 235-12 PICC                             467.00

01-06-06 PCT  F     441.00 CR 010-04 WRIT PREM
         PCT  F     441.00 CR 336-00 CASH SUSP   INS
         PCT  F     441.00 DR 336-00 CASH SUSP
         PCT  F     441.00 DR 307-74 CPC PYMT    INS      I892
```

```
                                                         07/10/12
PDQ SCREEN HIST  NEXT SYSTEM PDQ                         @NG8T
```

SF- Kirk- 5438 16th St.
SF-00097

```
                Insured: Kirk, Randall
                 Policy: 93-CA6580

           Eff/Ren date:
            Survey type: Limited
                   FUSR: 78T15BNHGRN5

       Location street: 5438 16th ST Sw
         Location city: Lanett, AL  36863
       Location county:
        Mailing street: 5438 16th ST Sw
          Mailing city: Lanett, AL  36863

    Hours of operation:  to:

                Contact:
          Contact title:
          Contact phone:

         Survey status: Reviewed
  Action taken on Policy: Issued

     Date requested: 02/20/04        Date due: 03/20/04
     Date completed: 02/23/04     Date reviewed: 08/05/04

           Completed by: Keith Murdock
            Reviewed by: Alex Fitts

  Special comments:

     02-23-4  The requested survey type "Residential P
     & C" has not been completed.  See narrative for additional
     information.
```

--------------------------------------------------------

```
Request - Policy

            Assigned to: Murdock, Keith
           Requested by: Fitts, Alex

             Agent name: Holley, Donny
             Agent code: 1520
                    AFO: F282

  Application status: Written

  Coverage amounts
               Building:
               Contents:
              Liability:

  Other policies: No
```

--------------------------------------------------------

```
Summary Page

  Sources of information
     None

           Attitude favorable: N/A
```

```
      Recs discussed with insured: N/A
                Expect compliance: N/A
        Recs discussed with agent: N/A
       Risk meets CLM requirements: N/A
         Future surveys suggested: N/A
```

               Opinion of risk: Satisfactory

               Date surveyed: 02/23/04

------------------------------------------------------
Narrative Page

  AQA survey -- back door needs to be replaced and a
  door needs to be added to a side entrance (see photos)

------------------------------------------------------
Narrative - Unsatisfactory items or concerns

    Summary - Source of information - none

------------------------------------------------------
Recommendations Summary

    Required:

        None present

    Suggested:

        None present

------------------------------------------------------
Commercial Cost Guide Worksheet

      No cost guide information entered

------------------------------------------------------
Directions

      No information entered

------------------------------------------------------
Comments

      No information entered

------------------------------------------------------

**SF- Kirk- 5438 16th St.**
SF-00099



SF- Kirk- 5438 16th St.
SF-00100



SF- Kirk- 5438 16th St.
SF-00101



SF- Kirk- 5438 16th St.
SF-00102



SF- Kirk- 5438 16th St.
SF-00103

# State Farm Insurance Companies®



DOCUMENT HAS BEEN TRANSMITTED TO AGENT
August 13, 2004

Birmingham Operations Center
100 State Farm Parkway
P.O. Box 2661
Birmingham, Alabama  35297-0001

 իսⅼⅼⅰⅼⅼⅰⅼⅰⅼⅰⅼⅰⅼⅰⅼⅼΙⅼⅰⅼⅰⅼⅰⅼⅰⅼⅰⅼⅰⅼⅼⅰⅼⅰⅼⅼⅰⅼⅼ

Kirk, Randall C
PO Box 384
Lanett AL  36863-0384



Re: Policy Number - 93-CA-6580-0
        Policy Type - Rental Dwelling
         Location - 5438 16th St Sw
                   Lanett AL

Dear Policyholder:

Recently a State Farm representative visited your rental dwelling to
obtain additional underwriting information. We believe there are some
positive measures that can be taken which could reduce the potential for
loss. We would appreciate your assistance in making the following
improvements:

  1. Replace rear door on dwelling

  2. Install door on side entrance.

Your cooperation with the above underwriting requirements within the next
30 days would be appreciated. You are a valued policyholder,and we hope
that by giving notice of the condition(s) you need to correct, we can
continue to serve your needs. Your agent, or in some cases an
underwriting representative, may contact you to review these improvements.

PLEASE NOTE......our underwriting recommendations do not necessarily
include all potential sources of loss. Nor are we guaranteeing that if
you comply with them your property will necessarily be considered safe or
healthful, or in compliance with any law, rule or regulation.

If you have any questions, please contact your agent.

Sincerely,

Alex Fitts
Commercial Accounts Underwriter
State Farm Fire and Casualty Company

cc: Donny Holley, 01-1520/F?2

SF- Kirk- 5438 16th St.
SF-00104

HOME OFFICES: BLOOMINGTON, ILLINOIS 61710-0001

RENTAL DWELLING APPLICATION

State Farm General Insurance Company
Bloomington, Illinois

| | |
|---|---|
| Effective Date | 2/5/96 |
| Term | 12 Months |

APPLICANT

Name: K_ _ _ _ _ Randall C

Mailing Address: 1538 5__ Ave Sw

Location of premises: 5438 16½ St Sw

City/State/ZIP: A_ _ _ _ 36863 Chambers

Applicant's Social Security Number: 421-9_-1071

Telephone Number: (334) 576-565_

Applicant's specific occupation: Salesman

Purchased 1996  price 29,000  market value 5,000

Age of roof: 8 yr

UNDERWRITING / RATING

Construction: Brick

LV.

COVERAGE

Special Form

PREMIUM SUBTOTAL
TOTAL PREMIUM $249 00

Year built: 194_

| | DATE OF LOSS | TYPE OF LOSS | | TOTAL AMT. OF LOSS |
|---|---|---|---|---|
| **LOSSES** | | DEMOLISHED HOME | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **FLORIDA/ COASTAL** | *FLORIDA ONLY:* | Is the risk in a windstorm association underwriting area? | Yes / No | Does the applicant have a policy with the Florida Windstorm Assoc.? | Yes / No | Is risk in a flood area? | Yes / No — does applicant have flood insurance? Yes / No |
| | *COASTAL ONLY:* | Is the building located within 1,000 ft. at high tide of the ocean, gulf, bay, harbor, open body of water, or located on an island? | Yes / No | *If yes, give reason for submission in Remarks. Refer to Underwriting Guide for information required. If located on island, give name of island.* | | | |

| | | | |
|---|---|---|---|
| **HOME ALERT** | CHECK ALL THAT APPLY: | | |
| | ☑ Fire or Smoke Local Alarm | ☐ Dead Bolt Locks | ☐ Fire Extinguisher |
| | ☐ Burglar Alarm System | ☐ Burglar Alarm reporting to fire dept., police dept. or central station* | ☐ Fire or Smoke Detectors with digital or voice-synthesized telephone dialer |
| | *ALSO COMPLETE THE FOLLOWING QUESTIONS: | Name of system | Date installed |
| | Name and address of company that installed the system | | |
| | Frequency of maintenance and testing | | System is designed to protect against: ☐ Fire ☐ Burglary ☐ Both Fire and Burglary |
| | Name and address of central/police station to which system reports | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **OVER 30** | Heating | Age (yrs.) 10 | Type | Central / Space ☑ Vented ☐ Unvented Other (specify) | | | Fuel ✓ Gas / Oil / Coal / Other (specify) | | | | | Thermostat controlled? Yes ✓ | |
| | Wiring | Age (yrs.) 18 | Type | Knob-Tube % | Romex 100% | Conduit % | No. of fuses | 15 Amp | 20 Amp | 30 Amp | Other | No. of circuit breakers | 15 Amp | 20 Amp 5 / 30 Amp 5 / 40 Amp / 50 Amp / Other | Rating of main box (in amps) 100 |
| | Has any remodeling been done? | Yes / No ✓ | *If yes, describe in Remarks: (1) extent of remodeling; (2) cost of improvements; (3) individual or firm that did work; and (4) earliest year updated.* | | | | | | | | | | | |

**REMARKS**



SF- Kirk- 5438 16th St.

SF-00106

FP-8103.3
(5/88)



# YOUR
# STATE FARM
# RENTAL DWELLING
# POLICY

**SF- Kirk- 5438 16th St.**
SF-00107

FP-8103.3
(5/88)



PRINTED
IN
U.S.A.

## TABLE OF CONTENTS

### DECLARATIONS

Your Name
Location of Your Residence
Policy Period
Coverages
Limits of Liability
Deductibles

| | Begins on Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **SECTION I - YOUR PROPERTY** | |
| COVERAGES | 2 |
| Coverage A - Dwelling | 2 |
| Coverage B - Personal Property | 2 |
| Coverage C - Loss of Rents | 3 |
| Additional Coverages | 3 |
| Inflation Coverage | 5 |
| LOSSES INSURED | 5 |
| LOSSES NOT INSURED | 5 |
| CONDITIONS | 7 |
| **SECTION II - YOUR LIABILITY** | |
| COVERAGES | 9 |
| Coverage L - Business Liability | 9 |
| Coverage M - Premises Medical Payments | 10 |
| EXCLUSIONS | 10 |
| ADDITIONAL COVERAGES | 13 |
| CONDITIONS | 13 |
| **SECTION I AND II - CONDITIONS** | 14 |
| **OPTIONAL PROVISIONS** | 15 |

Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983.

FP-8103.3
(5/88)

Printed in U.S.A.

**SF- Kirk- 5438 16th St.**
SF-00108

# RENTAL DWELLING POLICY - SPECIAL FORM 3

## AGREEMENT

We agree to provide the insurance described in this policy. You agree to pay premiums when due and comply with the provisions of this policy.

## DEFINITIONS

"You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the Declarations.

Certain words and phrases are defined as follows:

1. "bodily injury" means bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person.

2. "contract" means any written contract or agreement wherein the named insured has expressly assumed liability for damages to which this policy applies.

3. "Declarations" means the policy Declarations, any amended Declarations, the most recent renewal notice or certificate, an Evidence of Insurance form, or any endorsement changing any of these.

4. "insured" means:

   a. if the named insured is designated in the Declarations as an individual and is a sole proprietor, the named insured and spouse;

   b. if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof;

   c. if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization trustees, directors or governors or stockholder thereof while acting within the scope of their duties;

   d. any employee of the named insured while acting within the scope of that employment;

   e. any person or organization while acting as real estate manager for the named insured.

The insurance afforded applies separately to each insured against whom claim is made, or suit is brought, except with respect to the limit of our Company's liability.

This insurance does not apply to bodily injury or personal injury or property damage arising out of the conduct of any partnership or joint venture which is not designated in this policy as a named insured.

5. "insured premises" means:

   a. the residence premises;

   b. one or two family premises of which you acquire ownership or control and for which you report your intention to insure under this policy within 30 days after acquisition;

   c. the ways immediately adjoining on land; and

   d. one or two family dwelling premises alienated by any insured if possession has been given to others.

6. "motor vehicle", when used in Section II of this policy, means:

   a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured premises is not a motor vehicle;

   b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in 6.a. is not a motor vehicle;

FP-8103.3
(5/88)

1

SF- Kirk- 5438 16th St.
SF-00109

Printed in U.S.A.

c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any **insured** and designed for recreational use off public roads, while off an **insured premises**. A motorized golf cart while used for golfing purposes is not a **motor vehicle**;

d. a motorized bicycle, tricycle or similar type of equipment owned by any **insured** while off an **insured premises**;

e. any vehicle while being towed by or carried on a vehicle included in 6.a., 6.b., 6.c., or 6.d.

7. **"named insured"** means the person or organization named in the **Declarations** of this policy.

8. **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

a. **bodily injury**;

b. **property damage**; or

c. **personal injury**;

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

9. **"personal injury"** means injury arising out of one or more of the following offenses:

a. false arrest, detention or imprisonment or malicious prosecution;

b. libel, slander or defamation of character; or

c. invasion of privacy, wrongful eviction or wrongful entry.

10. **"property damage"** means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not considered to be **property damage**.

11. **"residence premises"** means the one or two family dwelling, other structures, and grounds which is shown in the **Declarations**.

## SECTION I - COVERAGES

### COVERAGE A - DWELLING

We cover:

1. the dwelling on the **residence premises** shown in the **Declarations** used principally as a private residence, including structures attached to the dwelling;

2. materials and supplies located on or adjacent to the **residence premises** for use in the construction, alteration or repair of the dwelling or other structures on the **residence premises**;

3. wall-to-wall carpeting attached to the dwelling on the **residence premises**; and

4. outdoor antennas.

Except as specifically provided in the **SECTION I, ADDITIONAL COVERAGES**, for **Land**, we do not cover land or any costs required to replace, rebuild, stabilize or otherwise restore the land.

**Dwelling Extension.** We cover other structures on the **residence premises**, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

We do not cover other structures:

1. not permanently attached to or otherwise forming a part of the realty;

2. used in whole or in part for commercial, manufacturing or farming purposes; or

3. rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

### COVERAGE B - PERSONAL PROPERTY

We cover personal property owned or used by any **insured** which is rented or held for rental with the **residence premises** or used for the maintenance of the **residence premises**. This coverage applies only while the personal property is on the **residence premises** or temporarily off premises for repairs.

**SF- Kirk- 5438 16th St.**

2

SF-00110          FORM 3

**Property Not Covered.** We do not cover:

1. articles separately described and specifically insured in this or any other insurance;

2. animals, birds or fish;

3. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the **residence premises** and not licensed for use on public highways;

4. watercraft, including motors, equipment and accessories;

5. aircraft and parts;

6. outdoor signs.

## COVERAGE C - LOSS OF RENTS

The limit of liability for Coverage C is the total limit for all the following coverages.

1. **Fair Rental Value.** If a Loss Insured causes that part of the **residence premises** rented to others or held for rental by you to become uninhabitable, we cover its fair rental value. Payment shall be for the shortest time required to repair or replace the part of the premises rented or held for rental but not exceeding 12 consecutive months from the date of loss. This period of time is not limited by expiration of this policy. Fair rental value shall not include any expense that does not continue while that part of the **residence premises** rented or held for rental is uninhabitable.

2. **Prohibited Use.** If a civil authority prohibits you from use of the **residence premises** as a result of direct damage to neighboring premises by a Loss Insured in this policy, we cover any resulting Fair Rental Value loss for a period not exceeding two weeks during which use is prohibited.

   We do not cover loss or expense due to cancellation of a lease or agreement.

## ADDITIONAL COVERAGES

1. **Debris Removal.** We will pay the reasonable expense incurred by you in the removal of debris of covered property provided coverage is afforded for the peril causing the loss. Debris removal expense is included in the limit of liability applying to the damaged property. When the amount payable for the actual damage to the property plus the expense for debris removal exceeds the limit of liability for the damaged property, an additional 5% of that limit of liability will be available to cover debris removal expense.

2. **Reasonable Repairs.** We will pay the reasonable cost incurred by you of repairing damage to covered property necessary to protect the property from further damage or loss, provided coverage is afforded for the peril causing the loss. This coverage does not increase the limit of liability applying to the property being repaired.

3. **Trees, Shrubs and Other Plants.** We cover outdoor trees, shrubs, plants or lawns, on the **residence premises**, for loss caused by the following Losses Insured: Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles not owned or operated by a resident of the **residence premises**, Vandalism or malicious mischief or Theft. The limit of liability for this coverage shall not exceed 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants and lawns nor more than $500 for any one tree, shrub or plant. This coverage may increase the limit of liability otherwise applicable. We do not cover property grown for business purposes.

4. **Fire Department Service Charge.** We will pay up to $500 for your liability assumed by **contract** or agreement for fire department charges incurred when the fire department is called to save or protect covered property from a Loss Insured. No deductible applies to this coverage. This coverage may increase the limit otherwise applicable.

5. **Property Removed.** Covered property, while being removed from a premises endangered by a Loss Insured, is covered for direct loss from any cause. This coverage also applies to the property for up to 30 days while removed. We will also pay for reasonable expenses incurred by you for the removal and return of the covered property. This coverage does not increase the limit applying to the property being removed.

6. **Personal Effects.** We will pay up to $500 for loss at the **residence premises** caused by a Loss Insured to personal effects of others while such property is in your

3

**SF- Kirk- 5438 16th St.**  FORM 3
SF-00111

care, custody or control. This coverage is subject to the limitations and exclusions applicable to Coverage B - Personal Property. This coverage is limited to $100 per person and does not increase the limit of liability applying to Coverage B - Personal Property.

7. **Burglary.** We will pay for loss of personal property owned or used by any **insured** which is rented or held for rental with the **residence premises**, when the loss is from a known location within a building on the **residence premises** when it is probable that the property has been stolen and there is visible evidence of forcible entry to or forcible exit from that building. This coverage does not increase the limit of liability applying to Coverage B - Personal Property.

8. **Arson Reward.** We will pay $1,000 for information which leads to an arson conviction in connection with a fire loss to property covered by this policy. This coverage may increase the limit otherwise applicable. However, the $1,000 limit shall not be increased regardless of the number of persons providing information.

9. **Land.** We will pay up to $10,000 for the cost required to replace, rebuild, stabilize or otherwise restore the land necessary to support the insured dwelling sustaining a covered loss. This may increase the limit applying to the property.

10. **Volcanic Action.** We cover direct physical loss to a covered building or covered property contained in a building resulting from the eruption of a volcano when the loss is directly and immediately caused by:

    a. volcanic blast or airborne shock waves;

    b. ash, dust or particulate matter; or

    c. lava flow.

    We will also pay for the removal of that ash, dust or particulate matter which has caused direct physical loss to a covered building or covered property contained in a building.

    One or more volcanic eruptions that occur within a 72-hour period shall be considered one volcanic eruption.

This coverage does not increase the limits applying to the damaged property.

11. **Collapse.** We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

    a. fire, lightning, explosion, windstorm or hail, smoke, aircraft or vehicles, riot or civil commotion, vandalism, leakage from fire extinguishing equipment, volcanic action, falling objects, weight of ice, snow or sleet, water damage, breakage of building glass, all only as insured against in this policy;

       (1) falling objects does not include loss of or damage to:

           (a) personal property in the open; or

           (b) the interior of a building or structure, or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object;

       (2) water damage means accidental discharge or leakage of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam;

    b. hidden decay;

    c. hidden insect or vermin damage;

    d. weight of contents, equipment, animals or people;

    e. weight of ice, snow, sleet or rain which collects on a roof; or

    f. use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of construction, remodeling or renovation.

    Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items b., c., d., e., and f. unless the loss is a direct result of the collapse of a building.

**SF- Kirk- 5438 16th St.**

SF-00112

4                                                                                          FORM 3

Collapse does not include settling, cracking, shrinking, bulging or expansion.

This coverage does not increase the limit applying to the damaged property.

## INFLATION COVERAGE

The limits of liability shown in the **Declarations** for Coverages A and B will be increased at the same rate as the increase in the Inflation Coverage Index shown in the **Declarations**.

To find the limits on a given date:

1. divide the Index on that date by the Index as of the effective date of this Inflation Coverage provision; then

2. multiply the resulting factor by the limits of liability for Coverage A and Coverage B separately.

The limits of liability will not be reduced to less than the amounts shown in the **Declarations**.

If during the term of this policy, the Coverage A limit of liability is changed at your request, the effective date of this Inflation Coverage provision is changed to coincide with the effective date of such change.

# SECTION I - LOSSES INSURED

## COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

# SECTION I - LOSSES NOT INSURED

1. We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

   a. collapse, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for Collapse;

   b. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:

      (1) maintain heat in the building; or

      (2) shut off the water supply and drain the system and appliances of water;

   c. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf or dock;

   d. theft in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is completed and occupied;

   e. theft of any property which is not actually part of any building or structure;

   f. mysterious disappearance;

   g. vandalism and malicious mischief or breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant;

   h. continuous or repeated seepage or leakage of water or steam from a:

      (1) heating, air conditioning or automatic fire protective sprinkler system;

      (2) household appliance; or

      (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

SF- Kirk- 5438 16th St.
SF-00113

5

FORM 3

which occurs over a period of time and results in deterioration, rust, mold, or wet or dry rot. If loss is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

i.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

j.  rust, mold, or wet or dry rot;

k.  contamination;

l.  smog, smoke from agricultural smudging or industrial operations;

m.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

n.  birds, vermin, rodents, insects or domestic animals. We do cover the breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals.

However, we do insure for any ensuing loss from items a. through n. unless the loss is itself a Loss Not Insured by this Section.

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

a.  **Ordinance or Law,** meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

b.  **Earth Movement,** meaning the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake,

landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for **Volcanic Action.**

We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials resulting from earth movement.

c.  **Water Damage,** meaning:

(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2) water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for direct loss by fire, explosion, or theft resulting from water damage.

d.  **Neglect,** meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a Loss Insured.

e.  **War,** including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

f.  **Nuclear Hazard,** meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by

6

**SF- Kirk- 5438 16th St.**
SF-00114

FORM 3

the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke. However, we do insure for direct loss by fire resulting from the nuclear hazard.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

   b. defect, weakness, inadequacy, fault or unsoundness in:

      (1) planning, zoning, development, surveying, siting;

      (2) design, specifications, workmanship, construction, grading, compaction;

      (3) materials used in construction or repair; or

      (4) maintenance;

      of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**.

   However, we do insure for any ensuing loss from items a. and b. unless the ensuing loss is itself a Loss Not Insured by this Section.

## SECTION I - CONDITIONS

1. **Insurable Interest and Limit of Liability**. Even if more than one person has an insurable interest in the property covered, we shall not be liable:

   a. to the **insured** for an amount greater than the **insured's** interest; nor

   b. for more than the applicable limit of liability.

2. **Your Duties After Loss**. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent, and in case of theft, vandalism, or malicious mischief, also to the police;

   b. protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;

   c. prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      (1) exhibit the damaged property;

      (2) provide us with records and documents we request and permit us to make copies; and

      (3) submit to examinations under oath and subscribe the same;

   e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

      (1) the time and cause of loss;

      (2) interest of the **insured** and all others in the property involved and all encumbrances on the property;

      (3) other insurance which may cover the loss;

      (4) changes in title or occupancy of the property during the term of this policy;

      (5) specifications of any damaged building and detailed estimates for repair of the damage;

      (6) an inventory of damaged personal property described in 2.c.;

      (7) records supporting the fair rental value loss.

SF- Kirk- 5438 16th St.
SF-00115

7

FORM 3

3. **Loss Settlement**. Covered property losses are settled as follows:

a. Personal property and structures that are not buildings at actual cash value, up to the applicable limit of liability, at the time of loss. There may be deduction for depreciation. We will not pay an amount exceeding that necessary to repair or replace;

b. Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, at actual cash value, up to the applicable limit of liability, at the time of loss. We will not pay an amount exceeding that necessary to repair or replace;

c. Buildings under Coverage A at replacement cost without deduction for depreciation, subject to the following:

   (1) We will not pay more than the $10,000 limit on **Land** as provided in **SECTION I, ADDITIONAL COVERAGES.**

   (2) We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:

      (a) the limit of liability under this policy applying to the building;

      (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

      (c) the amount actually and necessarily spent to repair or replace the damaged building.

   (3) We will pay the actual cash value of the damage to the buildings, up to the policy limit, until actual repair or replacement is completed.

   (4) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis.

4. **Loss to a Pair or Set**. In case of loss to a pair or set, we may elect to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement**. Loss for damage to glass caused by a Loss Insured shall be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal**. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

7. **Other Insurance**. If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

9. **Our Option**. We may repair or replace any part of the property damaged or stolen with equivalent property.

8

**SF- Kirk- 5438 16th St.**
SF-00116

FORM 3

Any property we pay for or replace becomes our property.

10. **Loss Payment**. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

    a.  reach agreement with you;

    b.  there is an entry of a final judgment; or

    c.  there is a filing of an appraisal award with us.

11. **Abandonment of Property**. We need not accept any property abandoned by any **insured**.

12. **Mortgage Clause**. The word "mortgagee" includes trustee.

    a.  If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

    b.  If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

        (1)  notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

        (2)  pays any premium due under this policy on demand if you have neglected to pay the premium;

        (3)  submits a signed, sworn statement of loss within 60 days after receiving notice from us of

your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

    c.  If this policy is cancelled by us, the mortgagee shall be notified at least 10 days before the date cancellation takes effect.

    d.  If we pay the mortgagee for any loss and deny payment to you:

        (1)  we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

        (2)  at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

    e.  Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

13. **No Benefit to Bailee**. We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this policy.

14. **Intentional Acts**. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other **insured** for this loss.

## SECTION II - LIABILITY COVERAGES

### COVERAGE L - BUSINESS LIABILITY

If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury**, **personal injury**, or **property damage** to which this coverage applies, caused by an **occurrence**, and which arises from the ownership, maintenance, or use of the **insured premises**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

**SF- Kirk- 5438 16th St.**
SF-00117

9                                                                   FORM 3

The total limit of the Company's liability for all **occurrences** in any one policy year shall not exceed the annual aggregate limit shown in the **Declarations** for Coverage L - Business Liability.

## COVERAGE M - PREMISES MEDICAL PAYMENTS

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing **bodily injury** which arises out of a condition on the **insured premises** or for which the **insured** is provided **bodily injury** liability coverage under this policy. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

# SECTION II - EXCLUSIONS

1. **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** do not apply to:

   a. **bodily injury, personal injury, or property damage:**

      (1) which is either expected or intended by an **insured**; or

      (2) to any person or property which is the result of willful and malicious acts of an **insured**;

   b. **bodily injury, personal injury, or property damage** arising out of the rendering or failing to render professional services;

   c. **bodily injury, personal injury, or property damage** arising out of the ownership, maintenance, use, loading or unloading of:

      (1) aircraft;

      (2) any **motor vehicle** owned or operated by, or rented or loaned to any **insured**; or

      (3) any watercraft owned by or operated by, or rented or loaned to any **insured**;

   d. **bodily injury, personal injury, or property damage** arising out of:

      (1) the entrustment by any **insured** to any person;

      (2) the negligent supervision by any **insured** of any person;

      (3) any liability statutorily imposed on any **insured**; or

      (4) any liability assumed through an unwritten or written agreement by any **insured**;

   with regard to the ownership, maintenance or use of any aircraft, watercraft, or **motor vehicle** (or any other motorized land conveyance) which is not covered under Section II of this policy;

   e. **bodily injury, personal injury, or property damage** caused directly or indirectly by war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental;

   f. **bodily injury, personal injury, or property damage** arising out of premises, other than the **insured premises**, or to liability assumed by the **insured** under any **contract** or agreement relating to such premises;

   g. to **bodily injury** or **property damage** for which the **insured** may be held liable:

      (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or

      (2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed:

         (a) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages; or

         (b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or

**SF- Kirk- 5438 16th St.**
SF-00118

10

FORM 3

which causes or contributes to the intoxication of any person;

but part (b) of this exclusion does not apply with respect to liability of the **insured** or his indemnitee as an owner or lessor described in (2) above;

h.  the legal liability of any **insured** to:

(1) any person who is in the care of any **insured** because of child care services provided by or at the direction of:

(a) any **insured**;

(b) any employee of any **insured**; or

(c) any other person actually or apparently acting on behalf of any **insured**;

(2) any person who makes a claim because of **bodily injury** or **property damage** to any person who is in the care of any **insured** because of child care services provided by or at the direction of:

(a) any **insured**;

(b) any employee of any **insured**; or

(c) any other person actually or apparently acting on behalf of any **insured**;

i.  **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, spill, release or escape of pollutants:

(1) at or from premises owned, rented or occupied by the **named insured**;

(2) at or from any site or location used by or for the **named insured** or others for the handling, storage, disposal, processing or treatment of waste;

(3) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for the **named insured** or any person or organization for whom the **named insured** may be legally responsible; or

(4) at or from any site or location on which the **named insured**, employee or any contractor or subcontractor working directly or indirectly on behalf of the **named insured** is performing operations:

(a) if the pollutants are brought on or to the site or location in connection with such operations; or

(b) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Subparagraphs (1) and (4)(a) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes which result from a hostile fire or poisoning or asphyxiation due to escape of fumes from a furnace or flue because of a malfunction of the furnace or flue.

In addition, Coverage L and Coverage M do not apply to loss, cost or expense arising out of any governmental direction or request that the **named insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants;

As used in this exclusion:

"hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

"pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.

"waste" includes materials to be recycled, reconditioned or reclaimed.

j.  **bodily injury** to an employee of the **insured** arising out of and in the course of employment by the **insured** or the spouse, child, parent, brother or sister of that employee as a consequence of employment of that employee by the **insured**.

This exclusion applies:

(1) whether the **insured** may be liable as an employer or in any other capacity; and

SF- Kirk- 5438 16th St.

11

SF-00119          FORM 3

(2) to any obligation to share damages with or re-pay someone else who must pay damages be-cause of the injury;

k. **bodily injury** to you or any **insured** and if residents of your household:

(1) your relatives;

(2) any other person under the age of 21 who is in the care of an **insured**.

2. **Coverage L - Business Liability**, does not apply to:

a. liability:

(1) for your share of any loss assessment charged against all members of an association of prop-erty owners; or

(2) assumed under any unwritten **contract** or agreement, or by **contract** or agreement in connection with any business of the **insured** other than the rental of the **insured premises**;

b. **property damage** to property owned by any in-sured;

c. **property damage** to property rented to, occupied or used by or in the care of the **insured**;

d. **bodily injury** or **personal injury** to any person eli-gible to receive any benefits required to be provided or voluntarily provided by the **insured** under any workers' or workmen's compensation, non-occupa-tional disability or occupational disease law;

e. **bodily injury, personal injury**, or **property dam-age** for which any **insured** under this policy is also an **insured** under a nuclear energy liability policy or would be an **insured** but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic En-ergy Liability Underwriters, Nuclear Insurance As-sociation of Canada, or any of their successors;

f. **personal injury** caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any **insured**;

g. **personal injury** sustained by any person as a result of an offense directly or indirectly related to the employment of the person by the **insured**;

h. **personal injury** arising out of any publication or utterance in item b. of the definition of **personal injury**:

(1) if the first injurious publication or utterance of the same or similar material by or on behalf of the **insured** was made prior to the effective date of this insurance; or

(2) concerning any business or services made by or at the direction of any **insured** with knowledge of the falsity;

i. **property damage** or **personal injury** to premises you sell, give away or abandon, if the **property damage**, or **personal injury** arises out of those premises.

3. **Coverage M - Premises Medical Payments** does not apply to **bodily injury**:

a. to any person, eligible to receive any benefits re-quired to be provided or voluntarily provided under any workers' or workmen's compensation, non-occupational disability or occupational disease law;

b. from any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncon-trolled or however caused, or any consequence of any of these;

c. to any **insured**, any tenant or other person regularly residing on the **insured premises** or to any em-ployees of any of the foregoing if the **bodily injury** arises out of or in the course of their employment;

d. to any person engaged in maintenance and repair of the **insured premises** or alteration, demolition or new construction at such premises.

SF- Kirk- 5438 16th St.
SF-00120

12

FORM 3

# SECTION II - ADDITIONAL COVERAGES

We cover the following in addition to the limits of liability:

1. **Claim Expenses.** We pay:

   a. expenses incurred by us and costs taxed against any **insured** in any suit we defend;

   b. premiums on bonds required in a suit defended by us, but not for bond amounts greater than the limit of liability for Coverage L. We are not obligated to apply for or furnish any bond;

   c. reasonable expenses incurred by any **insured** at our request, including actual loss of earnings (but not loss of other income) up to $50 per day for assisting us in the investigation or defense of any claim or suit;

   d. prejudgment interest awarded against the **insured** on that part of the judgment we pay; and

   e. interest on the entire judgment which accrues after entry of the judgment and before we pay or tender, or deposit in court that part of the judgment which does not exceed the limit of liability that applies.

2. **First Aid Expenses.** We will pay expenses for first aid to others incurred by any **insured** for **bodily injury** covered under this policy. We will not pay for first aid to you or any other **insured**.

# SECTION II - CONDITIONS

1. **Limit of Liability.** The Coverage L limit is shown in the **Declarations**. This is our limit for all damages from each **occurrence** regardless of the number of **insureds**, claims made or persons injured.

   The Coverage M limit is shown in the **Declarations**. This is our limit for all medical expense payable for **bodily injury** to one person as the result of one accident.

2. **Severability of Insurance.** This insurance applies separately to each **insured**. This condition shall not increase our limit of liability for any one **occurrence**.

3. **Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

   a. give written notice to us or our agent as soon as practicable, which sets forth:

      (1) the identity of this policy and **insured**;

      (2) reasonably available information on the time, place and circumstances of the accident or **occurrence**; and

      (3) names and addresses of any claimants and available witnesses;

   b. immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

   c. at our request, assist in:

      (1) making settlement;

      (2) the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any **insured**;

      (3) the conduct of suits and attend hearings and trials;

      (4) securing and giving evidence and obtaining the attendance of witnesses;

   d. the insured shall not, except at the **insured's** own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the **bodily injury**.

4. **Duties of an Injured Person - Coverage M - Premises Medical Payments.** The injured person, or, when appropriate, someone acting on behalf of that person, shall:

   a. give us written proof of claim, under oath if required, as soon as practicable;

   b. execute authorization to allow us to obtain copies of medical reports and records; and

13

c. submit to physical examination by a physician selected by us when and as often as we reasonably require.

5. **Payment of Claim - Coverage M - Premises Medical Payments.** Payment under this coverage is not an admission of liability by any **insured** or us.

6. **Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions.

No one shall have any right to join us as a party to any action against any **insured**. Further, no action with respect to Coverage L shall be brought against us until the obligation of the **insured** has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of any Insured.** Bankruptcy or insolvency of any **insured** shall not relieve us of any of our obligations under this policy.

8. **Other Insurance - Coverage L - Business Liability.** This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTION I AND SECTION II - CONDITIONS

1. **Policy Period.** This policy applies only to loss under Section I or **bodily injury, personal injury,** or **property damage** under Section II which occurs during the period this policy is in effect.

2. **Concealment or Fraud.** This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

3. **Liberalization Clause.** If we adopt any revision which would broaden coverage under this policy without additional premium, within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination shall not waive any of our rights.

5. **Cancellation.**

   a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect. We may waive the requirement that the notice be in writing by confirming the date and time of cancellation to you in writing.

   b. We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to

you at your mailing address shown in the **Declarations.** Proof of mailing shall be sufficient proof of notice:

   (1) When you have not paid the premium, whether payable to us or to our agent or under any finance or credit plan, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect.

   (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by notifying you at least 10 days before the date cancellation takes effect.

   (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy or if the risk has changed substantially since the policy was issued. We may cancel this policy by notifying you at least 30 days before the date cancellation takes effect.

   (4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary by notifying you at least 30 days before the date cancellation takes effect.

   c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request can-

14                          **SF- Kirk- 5438 16th St.**                    FORM 3
                                  SF-00122

cellation, the return premium will be based on our rules for such cancellation. The return premium may be less than a full pro rata refund. When we cancel, the return premium will be pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Non-Renewal.** We may elect not to renew this policy. If we elect not to renew, a written notice will be delivered to you, or mailed to you at your mailing address shown in the **Declarations.** The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

7. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

8. **Subrogation.** Any **insured** may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, any **insured** shall sign and deliver all related papers and cooperate with us in any reasonable manner.

Subrogation does not apply under Section II to Premises Medical Payments.

9. **Death.** If any person named in the **Declarations** or the spouse, if a resident of the same household, dies:

a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under this policy at the time of death;

b. **insured** includes with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

11. **Inspection and Audit.** We shall be permitted but not obligated to inspect your property and operations at any time. However, our right to inspect or our actual inspection and report shall not constitute an undertaking on your behalf or for your benefit or the benefit of others to determine or warrant that the property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

We may examine and audit your books and records at any time during the policy period and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

## OPTIONAL POLICY PROVISIONS

Each Optional Provision applies only as indicated in the **Declarations** or Extension Certificate.

**Option AI - Named Additional Insured.** The definition of insured in this policy includes the person or organization named in the **Declarations** as an additional insured or whose name is on file with us with respect to:

1. Section I: **Coverage A - Dwelling;**

2. Section II: **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** but only with respect to the **residence premises.** This coverage does not apply to **bodily injury** to any employee arising out of or in the course of the employee's employment by the person or organization.

This option applies only with respect to the location shown in the **Declarations.**

**Option RC - Replacement Cost - Contents.** Under **SECTION I - CONDITIONS,** items a. and b. of the Loss Settlement Condition are replaced with the following:

a. (1) Fences and the following personal property at actual cash value at the time of loss:

(a) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

(b) articles whose age or history contribute substantially to their value including, but

**SF- Kirk- 5438 16th St.**

15

SF-00123          FORM 3

not limited to, memorabilia, souvenirs and collectors items;

(c) property not useful for its intended purpose.

(2) We will not pay:

(a) an amount exceeding that necessary to repair or replace the property; or

(b) an amount in excess of the limit of liability applying to the property.

b. Other personal property, carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, and other structures (except fences) that are not buildings under Dwelling Extension, at the cost of repair or replacement at the time of loss without deduction for depreciation, subject to the following:

(1) We will pay the cost of repair or replacement but not exceeding the smallest of the following amounts:

(a) replacement cost at time of loss;

(b) the full cost of repair;

(c) any special limit of liability described in the policy; or

(d) any applicable Coverage A or Coverage B limit of liability.

(2) Loss to property not repaired or replaced within one year after the loss will be settled on an actual cash value basis.

IN WITNESS WHEREOF, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company at the agency hereinbefore mentioned.

*Kim M. Brunner*
Secretary

*Edward B Rust, Jr*
President

The Board of Directors, in accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment are proper.

**SF- Kirk- 5438 16th St.**
SF-00124

16

FORM 3

**State Farm Fire and Casualty Company**

Home Office, Bloomington, Illinois 61710



**Birmingham Operations Center**
100 State Farm Parkway
P.O. Box 2661
Birmingham, Alabama 35297-0001

## CERTIFICATE

I, the undersigned, do hereby certify that I am custodian of the
records pertaining to the issuance of policies issued by the
Personal Lines Division of State Farm Fire & Casualty Company,
a stock company with home offices in Bloomington, Illinois.

Based on our available records, I further certify that the attached
coverage summary  dated JAN 05, 2006 represents a true copy of
the policy provisions and coverages as of DEC 13, 2005 for policy
93-GJ-1742-3 issued to  KIRK, RANDALL C
                        PO BOX 384
                        LANETT AL   36863-0384

LOCATION:  911 N 12TH ST
           LANETT AL   36863-1743

Bill Lovell

Bill Lovell
Underwriting Section Manager
State Farm Fire & Casualty Company
Birmingham Operation Center
Birmingham AL   35297-0001

State of    Alabama

County of   Jefferson

Subscribed and sworn to before me this 15th day of October, 2007

Notary Public

My commission expires:

EXHIBIT

B

PUBLIC STATE OF ALABAMA AT LARGE
MMISSION EXPIRES: July 5, 2011
THRU NOTARY PUBLIC UNDERWRITERS

SF- Kirk- 911 12 St.
SF-00061



**State Farm Fire and Casualty Company**
A Stock Company With Home Offices in Bloomington, Illinois

100 State Farm Parkway
Birmingham, AL 35297-0001

**Named Insured**                    B-09-1520-F282 F R

KIRK, RANDALL C
PO BOX 384
LANETT AL  36863-0384

**DECLARATIONS PAGE**

| Policy Number | 93-GJ-1742-3 |
|---|---|

| Policy Period | Effective Date | Expiration Date |
|---|---|---|
| 12 Months | DEC 13 2005 | DEC 13 2006 |

The policy period begins and ends at 12:01 am standard time at the residence premises.

---

# RENTAL DWELLING POLICY- SPECIAL FORM 3

**Automatic Renewal** - If the **policy period** is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Premises
911 N 12TH ST
LANETT AL  36863-1743

Named Insured: Individual

| Coverages & Property | Limits of Liability | Inflation Coverage Index: 201.0 |
|---|---|---|
| **Section I** | | **Deductibles - Section I** |
| A  Dwelling | $   55,500 | Basic                     $    1,000 |
| Dwelling Extension | $    5,550 | |
| B  Personal Property | $    2,775 | |
| C  Loss of Rents | Actual Loss | |
| | | |
| **Section II** | | In case of loss under this policy, the deductibles will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to policy. |
| L  Business Liability (Each Occurrence) | $  300,000 | |
| Annual Aggregate | $  600,000 | |
| M  Medical Payments (Each Person) | $    1,000 | |
| | | |
| | | **Policy Premium**          $     362.00 |

**Forms, Options, & Endorsements**

| | |
|---|---|
| Special Form 3 | FP-8103.3 |
| Fungus (Including Mold) Excl | FE-5722 |
| Amendatory Subrogation Cond | FE-5841 |
| Debris Removal Endorsement | FE-7540 |
| Bodily Injury Amended Defin | FE-8654 |

**Policy Premium**
Discount Applied:
 Home Alert

---

**Other limits and exclusions may apply - refer to your policy**

Your policy consists of this page, any endorsements and the policy form. Please keep these together.

FP-8008C

| 1339 | 2 51 | I |
| N 1S |

Prepared      JAN 05 2006

SF- Kirk- 911 12 St.
                                                    SF-00062

DONNY HOLLEY
334-644-2111

555-7020.1 Rev. 10-2002 (e1t03t)

93-GJ-1742-3   ( 1340)

FE-5722

## FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

### DEFINITIONS

In all policies, the following definition is added:

"fungus" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.

### SECTION I - LOSSES NOT INSURED

In SPECIAL FORM 3 policies only, item 1.j. is replaced by the following:

j.  rust, or wet or dry rot;

The following is added to item 2. of Losses Not Insured in SPECIAL FORM 3 policies or under Losses Not Insured in BASIC MODIFIED REPLACEMENT COST - FORM 1 policies:

Fungus, including the growth, proliferation, spread or presence of fungus, and including:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by fungus;

(2) any remediation of fungus, including the cost or expense to:

(a) remove or clean the fungus from covered property or to repair, restore or replace that property;

(b) tear out and replace any part of the building or other property as needed to gain access to the fungus;

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the fungus; or

FE-5722

(d) remove any property to protect it from the presence of or exposure to fungus;

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of fungus, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

### SECTION II - EXCLUSIONS

In all policies, the following exclusion is added to item 1.:

l.  any:

(1) bodily injury, personal injury, or property damage arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any fungus at or from any source or location; or

(2) loss, cost or expense arising out of any:

(a) request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of fungus; or

(b) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of fungus.

All other policy provisions apply.

**SF- Kirk- 911 12 St.**
SF-00063

(CONTINUED)



93-GJ-1742-3   ( 1341)                                              FE-8654
                                                                    (4/98)

## BODILY INJURY AMENDED DEFINITION ENDORSEMENT

The definition of **bodily injury** is replaced by the following:

"**bodily injury**":

a. means physical injury, sickness or disease to a person, including required care, loss of services and death resulting therefrom;

b. does not include:

(1) disease, bacteria, parasite, virus or other organism, any of which are communicable and transmitted by any **insured** to any other person;

(2) the exposure to any such disease, bacteria, parasite, virus or other organism by any **insured** to any other person; or

(3) emotional distress, mental anguish, humiliation, mental distress, mental injury or any similar injury unless it arises out of actual physical injury to some person.

All other policy provisions apply.

FE-8654
(4/98)

SF- Kirk- 911 12 St.
SF-00065

```
AL-MISS  (09)              PDQ - Name and Address                QNB001F0


F 93 GJ1742 3      Team/Div/Unit: RDP RCUP                       B
                                      Type: RENTAL DWELL 3
Status: 20 EXTRACT - RENEWAL  R   Note  IV  FRD

Eff: 12-13-2005  Exp: 12-13-2006      Cov cease: 12-22-2006
Agt: 1520-F282  Name: HOLLEY, DONALD A        (Donny     ) Ph: 334-644-2111
                                          Addl interest: 00
 Insured
N: KIRK, RANDALL C
A: PO BOX 384
C: LANETT AL


                        36863-0384

Ph: 706-518-5475 H
SSN 1: 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
DOB 1: 04-19-1960
  Ins is: INDIVIDUAL


  Location
911 N 12TH ST
LANETT AL


Zip: 36863-1743
```

```
                                            07/10/12
PDQ screen: _____ Next system: PDQ  Input screen  _____   ID: NG8T
```

**SF- Kirk- 911 12 St.**
SF-00066

```
AL-MISS (09)              PDQ - General Data                    QNB002T6


F 93 GJ1742 3  Name: KIRK, RANDALL C              Type: RENTAL DWELL 3
Status: 20 EXTRACT - RENEWAL  R  Note  IV  FRD

Eff: 12-13-2005 EXP: 12-13-2006 Cov cease: 12-22-2006
       Ratable: YES  Prem code: 1  Term: 98  Cancel eff date: 12-22-2006

Last entry date: 01-05-2006    LPU date: 12-28-2006          Stat agent: 1520


     Billing Information
Total premium:         362.00
                                      Written dt: 12-15-2005
                                Acct renewal dt: 12-15-2005  B-10: N


                                  Commission data
                    Occr Agt  Mgr CC Np Rate Ctl  Premium
                      1  1520           0  0      362.00
```

```
                                                          07/10/12
PDQ Screen:  ___  Next system:  PDQ  Input screen  ___ _   ID: NG8T
```

```
AL-MISS  (09)          PDQ - Statistical Policy Information          QNB035A1


F 93 GJ1742 3   Name: KIRK, RANDALL C
Eff: 12-13-2005  Exp:  12-13-2006

----Coverages-----    --Med Pay Limits--
                      A33       1000

   A32       300000


Forms and opt:
  FP /8103/3    FE /7540      FE /8654      FE /5722      FE /5841




Risk no: 1
   YR ISS 05    RATEIV 080    RATE V  17.00  ZONE V 5.03
   SBZN V 5.03   IV    8      XSEC   FE
                                              AGTPRE 362


       Total number of loc: 0001   Total coverage A:     55,500
                                    Total coverage B:      2,775



                                              07/10/12
  PDQ screen: _____ Next system: PDQ  Input screen _____   ID: NG8T
```

**SF- Kirk- 911 12 St.**
SF-00068

```
AL-MISS  (09)           PDQ - Statistical Line Information          QNB034W1


F 93 GJ1742 3   Name: KIRK, RANDALL C
Eff: 12-13-2005  Exp: 12-13-2006
      PACE     Coverage                    Annual  Accounting     Sp Sb Pol
Ln    Index     Amount   Ded  Ded Liability Premium  Premium    Zn Cov Cd Cd R
001 R-201.0     55500 1000        300000    362.00             45 RD      3 1
                              Total:        362.00


Ln  Loc No  Const  PC  Cnty  City   MTE  Yr Blt  Remod Yr  No Units Spr Cr R
001  0001     F   4000 009  Y460         1976                  1            1


Ln  Hm Alert  Alarm Cr/Pct New/Rem/OH Sq Ft  Roof Roof Cl Area  Wind Cr Eq Cl R
001 SA          $8/ 2%                 1094   S                             1


Ln   BCEG  Certified BC  Improved BC Yr  Community BC  LPEX  Stove          R
001                                                                        1


Ln   Roof Cov  Hail Res  Inst Dt      HRC/PCT   Subzn    WLRRP    WLRCr/Fct  R
001                                             03                          1



                                                       07/10/12
PDQ screen: _____ Next system: PDQ  Input screen _____  Loc: _____  ID: NG8T
```

SF- Kirk- 911 12 St.
SF-00069

```
AL-MISS  (09)            PDQ - Underwriting Screen                    QNB004T0


F 93 GJ1742 3  Name: KIRK, RANDALL C                 Type: RENTAL DWELL 3
  Status: 20 EXTRACT - RENEWAL  R  Note  IV  FRD

Eff: 12-13-2005  Exp: 12-13-2006      Cov cease: 12-22-2006
                             Move-in: I
Agt: 1520-F282  Name: HOLLEY, DONALD A         (Donny     ) Phone: 334-644-2111
                       Additional interests: 00  Yr blt: 1976  Yr iss: 2005


Forms and options:  FP /8103/3    SPECIAL FORM              Deductibles
  FE /7540    DEBRIS REMOVAL           ALL PERILS      1000
  FE /8654    BI AMENDED DEF
  FE /5722    FUNGUS EXCL
  FE /5841    AMEND SUB COND


                                            Coverages

                         Total coverage A           55500
                         Total coverage B            2775
Total premium:     362.00
                         Business liability  (A32)   300000
---------- Und Reports ------------   Aggregate liability        600000
Vend Report Result Score  Date        Med pay per person  (A33)    1000
  A    L     0        01-03-2006


LNGTD: - 85.1945920     Loss history      Date of last CDQ: 08-25-2006
LATUD:   32.8757420                       Claim        No Claims:   1
Match type:  A                            Number   Loss Date    Status
                                          01X515223  04-19-2006   CLOSED




                                          07/10/12
PDQ screen: _____   Next system: PDQ   Input screen  _____    ID: NG8T
```

SF- Kirk- 911 12 St,
SF-00070

```
AL-MISS  (09)                    PDQ - Notes                        QNB006D7


F 93 GJ1742 3      Name: KIRK, RANDALL C              Type: RENTAL DWELL 3
  Agt: 1520-F282   Name: HOLLEY, DONALD A        (Donny    )

Roof: S




  Last reinspection: 12-15-2005        By: AGENT        Entered: 01-05-2006


    ** Reunderwriting decision has been recorded - View using FRD screen **
  Pol Note  NO ACTION CAT CLAIM JM.
     1:    Oper ID: ICEN  Date: 09-26-2006
```

```
                                                          07/10/12
  PDQ screen: _____  Next system: PDQ   Input screen: _____    ID: NG8T
```

SF- Kirk- 911 12 St.
SF-00071

```
AL-MISS  (09)            Claim History Review              QNN542X3


Pol no: F 93 GJ1742 3  Insured: KIRK, RANDALL C              Oper: NG8T

Yr iss: 2005 Exp: 12-13-2007 Type: RENTAL DWELL 3  SAS:     Agt/AFO: 1520 F282

Status: 13 Prop amt:    59400 Ded:    ALL PERILS    1000  No claims:   1

        Claim    Date of     Cause/
No     Number     Loss       Reason     Status
  1 01X515223  04-19-2006  35/HLC     CLOSED

        Reserve        Paid     Recovery      Expense    Mold Ind
         Amount       Amount      Amount       Amount      Amount
  1           0            0           0          162           0
                    INSURED KIRK, RANDALL C
                             Initial dt closed: 09-19-2006
```

**SF- Kirk- 911 12 St.**
SF-00072

```
AL-MISS  (09)              Claim Detail Cause                QNN544T0


  Pol no: F 93 GJ1742 3        SAS:          Type: RENTAL DWELL 3
  Insured: KIRK, RANDALL C                   Agt: 1520 HOLLEY, DONALD A
           PO BOX 384                        Exp: 12-13-2007
  Status: 13 INSURED CANCEL-PRO R   No claims:   1
  Yr iss: 2005                      Prop amt:    59400
     Ded:    ALL PERILS      1000


  Claim no: 01X515223      Dt of loss: 04-19-2006    Dt closed: 09-19-2006 RC:
  Pol no: F 93 GJ1742 3   Dt reported: 08-25-2006 Indem amt pd:        0.00
   Agent: 1520              Suit/ADR: Y/          Reserve amt:         0.00
    Type: RENTAL DWELL 3    Cat code: RA          Expense amt:       162.00
    Unit:  4 8               Salvage: NO          Recovery amt:        0.00
  Status: CLOSED        Subrogation: NO           Mold ind amt:        0.00
                                                  Claim off: MONTGOMERY OP CN

    Ins: KIRK, RANDALL C              Claimant:
         PO BOX 384                   Claimant dt of birth:
  Adjuster: ANGELA      B PIERCE         Adjuster phone no: 334-213-1082
  Und Rev:
                                        Initial dt closed: 09-19-2006



  Cause/Line: 35/RD         WIND OR HAIL - BUILDING
     Status: CWP            RESERVE CLOSED WITHOUT PAYMENT OR NO CLAIM
  Indem amt pd:       0.00  Reserve amt:         0.00 Loc no: 0001
  Expenses pd:     162.00 Recovery amt:          0.00
     Comment: HL HAIL LOSS

  Cause/Line:
     Status:
  Indem amt pd:             Reserve amt:             Loc no:
  Expenses pd:             Recovery amt:
     Comment:

                                                     07/10/12
  Next system: PDQ   PDQ screen: UND    Page:   1    @NG8T
```

SF- Kirk- 911 12 St.
SF-00073

```
AL-MISS  (09)    **** PDQ - HISTORY OF TRANSACTION ****       QNB007B7

F 93 GJ1742 3    NAME KIRK, RANDALL C

                                        ENTRY    EFFECTIVE
                      TRANSACTION      OP ID   DATE       DATE         PREMIUM
SKEL CIP (INS. CANC. PRO)              ECHO  12-28-2006  12-22-2006     370.50

RENEWAL COMM RELEASED (RENEWAL                12-14-2006
WRITTEN PREM RELEASED PREVIOUSLY)

WRITTEN PREM RELEASED WITHOUT COMM             12-13-2006
(RENEWAL EFFECTIVE DATE REACHED)

BILLING                                       10-30-2006  12-13-2006     380.00

PHONE NUMBER CHANGE FROM CR                               09-21-2006

NEW BUSINESS                           AQ7Z  01-05-2006  12-13-2005     362.00

PENDED APP                             NAVN  01-03-2006
```

```
                                                          07/10/12
PDQ SCREEN  ___    NEXT SYSTEM PDQ   INPUT SCREEN  ____    ID: NG8T
```

SF- Kirk- 911 12 St.
SF-00074

```
AL-MISS (09)   **** HISTORY OF JOURNAL ACTIVITY SCREEN ****        QND536A2

93 GJ1742 3     NAME KIRK, RANDALL C                  TYPE RENTAL DWELL 3

                                         REMITTER/   CROSS      BALANCE
JNL DATE JNL CO    AMOUNT        ACCOUNT    PAYEE    REFERENCE     DUE
12-28-06 PCT  F    370.50 DR 020-04 CANC PREM
         PCT  F    370.50 CR 259-00 RETURN PRM
         CDT  F    370.50 DR 259-00 RETURN PRM INS    760206

12-15-06 PCT  F    380.00 CR 336-00 CASH SUSP INS
         PCT  F    380.00 DR 307-74 CPC PYMT  INS    IE20

12-14-06 PCT  F    380.00 DR 336-00 CASH SUSP
         PCT  F    380.00 CR 235-12 PICC

12-13-06 PCT  F    380.00 CR 010-04 WRIT PREM
         PCT  F    380.00 DR 235-12 PICC                          380.00

01-05-06 PCT  F    362.00 CR 010-04 WRIT PREM
         PCT  F    362.00 DR 336-00 CASH SUSP

01-03-06 PCT  F    362.00 DR 212-49 BANK      INS    I994
         PCT  F    362.00 CR 336-00 CASH SUSP INS
```

PDQ SCREEN HIST  NEXT SYSTEM PDQ

07/10/12
@NG8T

SF- Kirk- 911 12 St.
SF-00075

CAR INDEX: 09 GJ-17423  K  93

FIRE POLICY TRANSACTIONS - STREAMED
                    ALABAMA          RDP RCUP
F 93-GJ-1742-3  RENTAL DWELL 3          AGT/AFO: 1520/F282
                                EFF/EXP: 12-13-06 12-13-07 STATUS: 01

KIRK, RANDALL C
PO BOX 384                      CHGS INCL: CANC
LANETT AL  36863-0384
                                INS PH: HOME (706) 518-5475


EFF DATE: (12-22-06) RECD DATE: (12-28-06) WRTN DATE: (12-27-06) TIME: (08:50A)
**CANCELLATION** STREAMED

REQUESTED BY: INSURED
SEND REFUND TO: INSURED
SOURCE: ECHO AGT  HOLLEY, Donny
              INITIALS: (AJB)          PHONE: 334-644-2111

SF- Kirk- 911 12 Sf,
SF-00076

☒ **RENTAL DWELLING**
☐ **RENTAL CONDO UNIT**
**SUPPLEMENTAL**

**STATE FARM FIRE AND CASUALTY COMPANY**
Home Office, Bloomington, IL 61710

93 - GJ 1742    3 NLY

| New? | Rev. | Schedule | _ of _ | _ of _ Policy No. | | Effective Date 12-13-05 | Existing State Farm® Client? ☒ Yes ☐ No | Co-applicant's Name (if applicable) | Term 12 Months |

**NAME** Please print
Last Name _Kirk_  First Name _Randall C._  Middle Name or Initial

**Mailing address**
Number and Street _P.O. Box 384_  City or Town _Lroy, AL_  State _AL_  ZIP Code _36163_

**Location of premises** (if different from mailing address)
_911 N. 12th St._  _Lroy, AL_  State _AL_  ZIP Code _36163_  County _(Hamilton)_

Applicant's Social Security Number _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_

Co-applicant's Social Security Number

Telephone Number _(334) 518-1414_  ☐ H ☐ B

The named applicant is: ☒ Individual ☐ Corporation  ☐ Partnership (give names of partners in Remarks)  ☐ Other (describe)

Applicant's specific occupation _Owner / maker_

**LOSSES**

| DATE OF LOSS | CAUSE AND DESCRIPTION OF LOSS | TOTAL AMT. OF LOSS |
| --- | --- | --- |
| | | |

**COASTAL ONLY:** Is the building located within 1,000 ft. at high tide of the ocean, gulf, bay, harbor, open body of water, or located on an island?  Yes ☒ No ☐  If yes, give reason for submission in Remarks and refer to Underwriting Guide for information required. If located on an island, give name of island.

Name of service provider
Is the system tested annually:  Yes ☐ No ☐
System is designed to protect against:  Fire ☐ Burglary ☐ Both Fire and Burglary ☐  If Burglary, are all windows and doors protected?  Yes ☐ No ☐

Name of central/police/fire station to which system reports.

☐ Apply sprinkler Credit. Review CLM then describe extent of protection for each location in Remarks.

| | Year Updated | Type | Central | Space | ☐ Vented ☐ Unvented | Fuel | Electric | Wood | Gas | Oil | Coal | Other (specify) | | Thermostat controlled? | Yes ☐ No ☐ | Qualifies for utility adjustment? | Yes ☐ No ☐ |
| **Heating** | | | | | | | | | | | | | | | | | |
| **Electrical** | Year Updated | ☐ Partial ☐ Complete | Rating of main box (in amps) | | Knob-Tube | No. of fuses | | | 15 Amp | 20 Amp | 30 Amp | Other | No. of circuit breakers | | | Qualifies for utility adjustment? | Yes ☐ No ☐ |
| **Plumbing** | Year Updated | | Qualifies for utility adjustment? | Yes ☐ No ☐ | | Has the dwelling been remodeled? | Yes ☐ No ☐ | If yes, describe in Remarks: | | (1) extent of remodeling (2) cost of improvements (3) individual or firm that did work | | | | | | | |

If the utilities have been updated, describe the extent in the Remarks and provide required documentation to verify updates.

Description:    Condition:    Estimated Value:

Used for business purpose (other than private rented garage)  Yes ☐ No ☐  If yes, please explain in Remarks

Is the address clearly posted at the driveway?  Does the dwelling have a working phone?  Yes ☐ No ☐  If either of the questions were answered "no", provide additional information on risk location, in Remarks

Access road:  ☐ Concrete ☐ Asphalt ☐ Gravel ☐ Dirt  Distance from public road  Does this risk meet wildfire mitigation standards (as outlined in the underwriting guide)?  Yes ☐ No ☐  Is the dwelling located on a steep hillside or narrow canyon?  Yes ☐ No ☐

**LIMITS OF INSURANCE**

| Loc. No. | Unit No. | Location of Property (Number and Street, city, State, ZIP code) | Building | Personal Property | Year built | Building construction | Number of stories | Number of fire div. | Number of units per div. |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

If increased building and/or loss assessments coverage is requested, is a master policy in force for the building?  Yes ☐ No ☐  Is master policy written on an all physical loss basis?  Yes ☐ No ☐  If no, explain below

**REMARKS**

34  12
22 [        ] 28

**SF- Kirk- 911 12 St.**
SF-00077

535-2612 cAL4  Printed in U.S.A.  Rev. 12-21-2004   * Complete section on Supplemental Application
SUPPLEMENTAL APPLICATION-OFFICE COPY

☒ RENTAL DWELLING
☐ RENTAL CONDO UNIT
APPLICATION

STATE FARM FIRE AND CASUALTY COMPANY
State Farm Home Office, Bloomington, IL 61710

93 – GJ 1742   3

Effective Date: 12-1-3-05

Existing State Farm® Client? ☐ Yes ☒ No   Term 12 Months

NAME (Please print): Dick Randall
Mailing Address: P.O. Box 384   Lanett   AL   36863
Location: 911 N. 12 St   Lanett AL   36863   Chambers
Applicant's Social Security Number: 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
(334) 518-5174
Applicant's specific occupation: Owner Operator

The named applicant is: ☒ Individual

Purchase price: $40,000
Most recent property insurer: State Farm
Total number of rental dwellings/condo units currently owned by applicant: 4
Number insured with State Farm: 4

From 1996 To Present   Approved by: BW   Date 1/4

RC = 69,000   Sqft = 1094   New

Roof replaced: 2005

Premises surveyed on: 12/13/05   by: D. Holley

Construction: Frame

Year built: 1976   First occupied: 12/05   No. of living units per fire division: One

Forms: ☒ Special Form   Deductibles: ☒ $1,000

A. Dwelling: $55,500
Dwelling Extension: $5550
B. Personal Property: $2775
C. Loss of Rents: Actual Loss Sustained
D. Loss Assessments: ☒ $1,000
L. Business Liability: $300,000
M. Premises Medical Payments: $1,000 RDP

Amount paid $ -362.00   Balance due $ 0   TOTAL PREMIUM $362.00

Agent's Code Stamp: D. Holley   01-1520
SOUTHEAST AFO   F282
Date and Time of Application: Mo 12 / Day 15 / 05   Hour 12:

535-2612 caL.4   Printed in U.S.A.   Rev. 12-21-2004

Kirk- 911 12 St   OFFICE COPY
SF-00078

FP-8103.3
(5/88)

YOUR
STATE FARM

RENTAL DWELLING

POLICY

SF- Kirk- 911 12 St.
SF-00079

FP-8103.3
(5/88)

**TABLE OF CONTENTS**

**DECLARATIONS**
Your Name
Location of Your Residence
Policy Period
Coverages
Limits of Liability
Deductibles

| | Begins on Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **SECTION I - YOUR PROPERTY** | |
| COVERAGES | 2 |
| Coverage A - Dwelling | 2 |
| Coverage B - Personal Property | 2 |
| Coverage C - Loss of Rents | 3 |
| Additional Coverages | 3 |
| Inflation Coverage | 5 |
| LOSSES INSURED | 5 |
| LOSSES NOT INSURED | 5 |
| CONDITIONS | 7 |
| **SECTION II - YOUR LIABILITY** | |
| COVERAGES | 9 |
| Coverage L - Business Liability | 9 |
| Coverage M - Premises Medical Payments | 10 |
| EXCLUSIONS | 10 |
| ADDITIONAL COVERAGES | 13 |
| CONDITIONS | 13 |
| **SECTION I AND II - CONDITIONS** | 14 |
| **OPTIONAL PROVISIONS** | 15 |

Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983.

FP-8103.3
(5/88)

Printed in U.S.A.

SF- Kirk- 911 12 St.
SF-00080

## RENTAL DWELLING POLICY - SPECIAL FORM 3

### AGREEMENT

We agree to provide the insurance described in this policy. You agree to pay premiums when due and comply with the provisions of this policy.

### DEFINITIONS

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.

Certain words and phrases are defined as follows:

1. **"bodily injury"** means bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. **Bodily injury** does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person.

2. **"contract"** means any written **contract** or agreement wherein the **named insured** has expressly assumed liability for damages to which this policy applies.

3. **"Declarations"** means the policy **Declarations**, any amended **Declarations**, the most recent renewal notice or certificate, an Evidence of Insurance form, or any endorsement changing any of these.

4. **"insured"** means:

   a. if the **named insured** is designated in the **Declarations** as an individual and is a sole proprietor, the **named insured** and spouse;

   b. if the **named insured** is designated in the **Declarations** as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof;

   c. if the **named insured** is designated in the **Declarations** as other than an individual, partnership or joint venture, the organization trustees, directors or governors or stockholder thereof while acting within the scope of their duties;

   d. any employee of the **named insured** while acti within the scope of that employment;

   e. any person or organization while acting as real e tate manager for the **named insured**.

   The insurance afforded applies separately to each i sured against whom claim is made, or suit is broug except with respect to the limit of our Company's ability.

   This insurance does not apply to **bodily injury or p sonal injury** or **property damage** arising out of t conduct of any partnership or joint venture which is n designated in this policy as a **named insured**.

5. **"insured premises"** means:

   a. the **residence premises**;

   b. one or two family premises of which you acqu ownership or control and for which you report y intention to insure under this policy within 30 da after acquisition;

   c. the ways immediately adjoining on land; and

   d. one or two family dwelling premises alienated any **insured** if possession has been given to othe

6. **"motor vehicle"**, when used in Section II of this poli means:

   a. a motorized land vehicle designed for travel public roads or subject to motor vehicle registrati A motorized land vehicle in dead storage on an **sured premises** is not a **motor vehicle**;

   b. a trailer or semi-trailer designed for travel on pu roads and subject to motor vehicle registration boat, camp, home or utility trailer not being tow by or carried on a vehicle included in 6.a. is no **motor vehicle**;

FP-8103.3
(5/88)

1

SF- Kirk- 911 12th ST. Printed in U.S
SF-00081

c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any **insured** and designed for recreational use off public roads, while off an **insured premises**. A motorized golf cart while used for golfing purposes is not a **motor vehicle**;

d. a motorized bicycle, tricycle or similar type of equipment owned by any **insured** while off an **insured premises**;

e. any vehicle while being towed by or carried on a vehicle included in 6.a., 6.b., 6.c., or 6.d.

7. **"named insured"** means the person or organization named in the **Declarations** of this policy.

8. **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

a. **bodily injury**;

b. **property damage**; or

c. **personal injury**;

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

9. **"personal injury"** means injury arising out of one or more of the following offenses:

a. false arrest, detention or imprisonment or malicious prosecution;

b. libel, slander or defamation of character; or

c. invasion of privacy, wrongful eviction or wrongful entry.

10. **"property damage"** means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not considered to be **property damage**.

11. **"residence premises"** means the one or two family dwelling, other structures, and grounds which is shown in the **Declarations**.

# SECTION I - COVERAGES

## COVERAGE A - DWELLING

We cover:

1. the dwelling on the **residence premises** shown in the **Declarations** used principally as a private residence, including structures attached to the dwelling;

2. materials and supplies located on or adjacent to the **residence premises** for use in the construction, alteration or repair of the dwelling or other structures on the **residence premises**;

3. wall-to-wall carpeting attached to the dwelling on the **residence premises**; and

4. outdoor antennas.

Except as specifically provided in the **SECTION I, ADDITIONAL COVERAGES**, for **Land**, we do not cover land or any costs required to replace, rebuild, stabilize or otherwise restore the land.

**Dwelling Extension.** We cover other structures on the **residence premises**, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

We do not cover other structures:

1. not permanently attached to or otherwise forming a part of the realty;

2. used in whole or in part for commercial, manufacturing or farming purposes; or

3. rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

## COVERAGE B - PERSONAL PROPERTY

We cover personal property owned or used by any **insured** which is rented or held for rental with the **residence premises** or used for the maintenance of the **residence premises**. This coverage applies only while the personal property is on the **residence premises** or temporarily off premises for repairs.

**SF- Kirk- 911 12th ST.**

**Property Not Covered.** We do not cover:

1. articles separately described and specifically insured in this or any other insurance;

2. animals, birds or fish;

3. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the **residence premises** and not licensed for use on public highways;

4. watercraft, including motors, equipment and accessories;

5. aircraft and parts;

6. outdoor signs.

## COVERAGE C - LOSS OF RENTS

The limit of liability for Coverage C is the total limit for all the following coverages.

1. **Fair Rental Value.** If a Loss Insured causes that part of the **residence premises** rented to others or held for rental by you to become uninhabitable, we cover its fair rental value. Payment shall be for the shortest time required to repair or replace the part of the premises rented or held for rental but not exceeding 12 consecutive months from the date of loss. This period of time is not limited by expiration of this policy. Fair rental value shall not include any expense that does not continue while that part of the **residence premises** rented or held for rental is uninhabitable.

2. **Prohibited Use.** If a civil authority prohibits you from use of the **residence premises** as a result of direct damage to neighboring premises by a Loss Insured in this policy, we cover any resulting Fair Rental Value loss for a period not exceeding two weeks during which use is prohibited.

   We do not cover loss or expense due to cancellation of a lease or agreement.

## ADDITIONAL COVERAGES

1. **Debris Removal.** We will pay the reasonable expense incurred by you in the removal of debris of covered property provided coverage is afforded for the peril causing the loss. Debris removal expense is included i... the limit of liability applying to the damaged propert... When the amount payable for the actual damage to th... property plus the expense for debris removal excee... the limit of liability for the damaged property, an add... tional 5% of that limit of liability will be available ... cover debris removal expense.

2. **Reasonable Repairs.** We will pay the reasonable co... incurred by you of repairing damage to covered proper... necessary to protect the property from further dama... or loss, provided coverage is afforded for the pe... causing the loss. This coverage does not increase t... limit of liability applying to the property being repaire...

3. **Trees, Shrubs and Other Plants.** We cover outdo... trees, shrubs, plants or lawns, on the **residen... premises**, for loss caused by the following Losses ... sured: Fire or lightning, Explosion, Riot or ci... commotion, Aircraft, Vehicles not owned or operat... by a resident of the **residence premises**, Vandalism... malicious mischief or Theft. The limit of liability for th... coverage shall not exceed 5% of the limit of liabil... that applies to the dwelling for all trees, shrubs, plan... and lawns nor more than $500 for any one tree, shr... or plant. This coverage may increase the limit of liabil... otherwise applicable. We do not cover property gro... for business purposes.

4. **Fire Department Service Charge.** We will pay up... $500 for your liability assumed by **contract** or agr... ment for fire department charges incurred when the f... department is called to save or protect covered prope... from a Loss Insured. No deductible applies to this c... erage. This coverage may increase the limit otherw... applicable.

5. **Property Removed.** Covered property, while being... moved from a premises endangered by a Loss Insur... is covered for direct loss from any cause. This covera... also applies to the property for up to 30 days while... moved. We will also pay for reasonable expenses ... curred by you for the removal and return of the cove... property. This coverage does not increase the limit ... plying to the property being removed.

6. **Personal Effects.** We will pay up to $500 for loss at... **residence premises** caused by a Loss Insured to p... sonal effects of others while such property is in y...

3

SF- Kirk- 911 12th ST.
SF-00083

FOR...

care, custody or control. This coverage is subject to the limitations and exclusions applicable to Coverage B - Personal Property. This coverage is limited to $100 per person and does not increase the limit of liability applying to Coverage B - Personal Property.

7. **Burglary.** We will pay for loss of personal property owned or used by any **insured** which is rented or held for rental with the **residence premises**, when the loss is from a known location within a building on the **residence premises** when it is probable that the property has been stolen and there is visible evidence of forcible entry to or forcible exit from that building. This coverage does not increase the limit of liability applying to Coverage B - Personal Property.

8. **Arson Reward.** We will pay $1,000 for information which leads to an arson conviction in connection with a fire loss to property covered by this policy. This coverage may increase the limit otherwise applicable. However, the $1,000 limit shall not be increased regardless of the number of persons providing information.

9. **Land.** We will pay up to $10,000 for the cost required to replace, rebuild, stabilize or otherwise restore the land necessary to support the insured dwelling sustaining a covered loss. This may increase the limit applying to the property.

10. **Volcanic Action.** We cover direct physical loss to a covered building or covered property contained in a building resulting from the eruption of a volcano when the loss is directly and immediately caused by:

    a. volcanic blast or airborne shock waves;

    b. ash, dust or particulate matter; or

    c. lava flow.

    We will also pay for the removal of that ash, dust or particulate matter which has caused direct physical loss to a covered building or covered property contained in a building.

    One or more volcanic eruptions that occur within a 72-hour period shall be considered one volcanic eruption.

This coverage does not increase the limits applying to the damaged property.

11. **Collapse.** We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

    a. fire, lightning, explosion, windstorm or hail, smoke, aircraft or vehicles, riot or civil commotion, vandalism, leakage from fire extinguishing equipment, volcanic action, falling objects, weight of ice, snow or sleet, water damage, breakage of building glass, all only as insured against in this policy;

       (1) falling objects does not include loss of or damage to:

          (a) personal property in the open; or

          (b) the interior of a building or structure, or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object;

       (2) water damage means accidental discharge or leakage of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam;

    b. hidden decay;

    c. hidden insect or vermin damage;

    d. weight of contents, equipment, animals or people;

    e. weight of ice, snow, sleet or rain which collects on a roof; or

    f. use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of construction, remodeling or renovation.

    Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items b., c., d., e., and f. unless the loss is a direct result of the collapse of a building.

SF- Kirk- 911 12th ST.
SF-00084

4

FORM 3

Collapse does not include settling, cracking, shrinking, bulging or expansion.

This coverage does not increase the limit applying to the damaged property.

## INFLATION COVERAGE

The limits of liability shown in the **Declarations** for Coverages A and B will be increased at the same rate as the increase in the Inflation Coverage Index shown in the **Declarations**.

To find the limits on a given date:

1. divide the Index on that date by the Index as of the effective date of this Inflation Coverage provision; then

2. multiply the resulting factor by the limits of liability for Coverage A and Coverage B separately.

The limits of liability will not be reduced to less than the amounts shown in the **Declarations**.

If during the term of this policy, the Coverage A limit of liability is changed at your request, the effective date of this Inflation Coverage provision is changed to coincide with the effective date of such change.

## SECTION I - LOSSES INSURED

### COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

## SECTION I - LOSSES NOT INSURED

1. We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

   a. collapse, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for Collapse;

   b. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:

      (1) maintain heat in the building; or

      (2) shut off the water supply and drain the system and appliances of water;

   c. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf or dock;

   d. theft in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is completed and occupied;

   e. theft of any property which is not actually part of any building or structure;

   f. mysterious disappearance;

   g. vandalism and malicious mischief or breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant;

   h. continuous or repeated seepage or leakage of water or steam from a:

      (1) heating, air conditioning or automatic fire protective sprinkler system;

      (2) household appliance; or

      (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

SF- Kirk- 911 12th ST,
SF-00085        FOR

which occurs over a period of time and results in deterioration, rust, mold, or wet or dry rot. If loss is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

i. wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

j. rust, mold, or wet or dry rot;

k. contamination;

l. smog, smoke from agricultural smudging or industrial operations;

m. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

n. birds, vermin, rodents, insects or domestic animals. We do cover the breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals.

However, we do insure for any ensuing loss from items a. through n. unless the loss is itself a Loss Not Insured by this Section.

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake,

landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES for Volcanic Action.**

We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials resulting from earth movement.

c. **Water Damage**, meaning:

(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2) water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for direct loss by fire, explosion, or theft resulting from water damage.

d. **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a Loss Insured.

e. **War**, including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

f. **Nuclear Hazard**, meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by

SF- Klrk- 911 12th ST.
SF-00086

6

FORM 3

the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke. However, we do insure for direct loss by fire resulting from the nuclear hazard.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

    b. defect, weakness, inadequacy, fault or unsoundness in:

        (1) planning, zoning, development, surveying, siting;

        (2) design, specifications, workmanship, construction, grading, compaction;

        (3) materials used in construction or repair; or

        (4) maintenance;

    of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises.**

However, we do insure for any ensuing loss from items a. and b. unless the ensuing loss is itself a Loss Not Insured by this Section.

## SECTION I - CONDITIONS

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we shall not be liable:

    a. to the **insured** for an amount greater than the **insured's** interest; nor

    b. for more than the applicable limit of liability.

2. **Your Duties After Loss.** In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

    a. give immediate notice to us or our agent, and in case of theft, vandalism, or malicious mischief, also to the police;

    b. protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;

    c. prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

    d. as often as we reasonably require:

        (1) exhibit the damaged property;

        (2) provide us with records and documents we request and permit us to make copies; and

        (3) submit to examinations under oath and subscribe the same;

    e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

        (1) the time and cause of loss;

        (2) interest of the **insured** and all others in the property involved and all encumbrances on the property;

        (3) other insurance which may cover the loss;

        (4) changes in title or occupancy of the property during the term of this policy;

        (5) specifications of any damaged building and detailed estimates for repair of the damage;

        (6) an inventory of damaged personal property described in 2.c.;

        (7) records supporting the fair rental value loss.

SF- Kirk- 911 12th ST.
SF-00087

7

FORM

3. **Loss Settlement.** Covered property losses are settled as follows:

a. Personal property and structures that are not buildings at actual cash value, up to the applicable limit of liability, at the time of loss. There may be deduction for depreciation. We will not pay an amount exceeding that necessary to repair or replace;

b. Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, at actual cash value, up to the applicable limit of liability, at the time of loss. We will not pay an amount exceeding that necessary to repair or replace;

c. Buildings under Coverage A at replacement cost without deduction for depreciation, subject to the following:

   (1) We will not pay more than the $10,000 limit on **Land** as provided in **SECTION I, ADDITIONAL COVERAGES.**

   (2) We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:

       (a) the limit of liability under this policy applying to the building;

       (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

       (c) the amount actually and necessarily spent to repair or replace the damaged building.

   (3) We will pay the actual cash value of the damage to the buildings, up to the policy limit, until actual repair or replacement is completed.

   (4) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis.

4. **Loss to a Pair or Set.** In case of loss to a pair or set, we may elect to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused by a Loss Insured shall be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

9. **Our Option.** We may repair or replace any part of the property damaged or stolen with equivalent property.

8

**SF- Kirk- 911 12th ST.**   FORM
SF-00088

Any property we pay for or replace becomes our property.

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

   a.  reach agreement with you;

   b.  there is an entry of a final judgment; or

   c.  there is a filing of an appraisal award with us.

11. **Abandonment of Property.** We need not accept any property abandoned by any **insured**.

12. **Mortgage Clause.** The word "mortgagee" includes trustee.

   a.  If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

   b.  If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

      (1)  notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

      (2)  pays any premium due under this policy on demand if you have neglected to pay the premium;

      (3)  submits a signed, sworn statement of loss within 60 days after receiving notice from us of

your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

   c.  If this policy is cancelled by us, the mortgagee shall be notified at least 10 days before the date cancellation takes effect.

   d.  If we pay the mortgagee for any loss and deny payment to you:

      (1)  we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

      (2)  at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

   e.  Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

13. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this policy.

14. **Intentional Acts.** If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other **insured** for this loss.

## SECTION II - LIABILITY COVERAGES

### COVERAGE L - BUSINESS LIABILITY

If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury, personal injury,** or **property damage** to which this coverage applies, caused by an **occurrence,** and which arises from the ownership, maintenance, or use of the **insured premises,** we will:

1.  pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2.  provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence** equals our limit of liability.

SF- Kirk- 911 12th ST.
SF-00089

9

FORM

The total limit of the Company's liability for all **occurrences** in any one policy year shall not exceed the annual aggregate limit shown in the **Declarations** for Coverage L - Business Liability.

**COVERAGE M - PREMISES MEDICAL PAYMENTS**

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing **bodily injury** which arises out of a condition on the **insured premises** or for which the **insured** is provided **bodily injury** liability coverage under this policy. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

## SECTION II - EXCLUSIONS

1. **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** do not apply to:

   a. **bodily injury, personal injury, or property damage:**

      (1) which is either expected or intended by an **insured**; or

      (2) to any person or property which is the result of willful and malicious acts of an **insured**;

   b. **bodily injury, personal injury, or property damage** arising out of the rendering or failing to render professional services;

   c. **bodily injury, personal injury, or property damage** arising out of the ownership, maintenance, use, loading or unloading of:

      (1) aircraft;

      (2) any **motor vehicle** owned or operated by, or rented or loaned to any **insured**; or

      (3) any watercraft owned by or operated by, or rented or loaned to any **insured**;

   d. **bodily injury, personal injury, or property damage** arising out of:

      (1) the entrustment by any **insured** to any person;

      (2) the negligent supervision by any **insured** of any person;

      (3) any liability statutorily imposed on any **insured**; or

      (4) any liability assumed through an unwritten or written agreement by any **insured**;

   with regard to the ownership, maintenance or use of any aircraft, watercraft, or **motor vehicle** (or any other motorized land conveyance) which is not covered under Section II of this policy;

   e. **bodily injury, personal injury, or property damage** caused directly or indirectly by war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental;

   f. **bodily injury, personal injury, or property damage** arising out of premises, other than the **insured premises**, or to liability assumed by the **insured** under any **contract** or agreement relating to such premises;

   g. to **bodily injury** or **property damage** for which the **insured** may be held liable:

      (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or

      (2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed:

         (a) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages; or

         (b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or

10

SF- Kirk- 911 12th ST,
SF-00090

FORM 3

which causes or contributes to the intoxication of any person;

but part (b) of this exclusion does not apply with respect to liability of the **insured** or his indemnitee as an owner or lessor described in (2) above;

h. the legal liability of any **insured** to:

(1) any person who is in the care of any **insured** because of child care services provided by or at the direction of:

(a) any **insured**;

(b) any employee of any **insured**; or

(c) any other person actually or apparently acting on behalf of any **insured**;

(2) any person who makes a claim because of **bodily injury** or **property damage** to any person who is in the care of any **insured** because of child care services provided by or at the direction of:

(a) any **insured**;

(b) any employee of any **insured**; or

(c) any other person actually or apparently acting on behalf of any **insured**;

i. **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, spill, release or escape of pollutants:

(1) at or from premises owned, rented or occupied by the **named insured**;

(2) at or from any site or location used by or for the **named insured** or others for the handling, storage, disposal, processing or treatment of waste;

(3) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for the **named insured** or any person or organization for whom the **named insured** may be legally responsible; or

(4) at or from any site or location on which the **named insured**, employee or any contractor or subcontractor working directly or indirectly on behalf of the **named insured** is performing operations:

(a) if the pollutants are brought on or to the site or location in connection with such operations; or

(b) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Subparagraphs (1) and (4)(a) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes which result from a hostile fire or poisoning or asphyxiation due to escape of fumes from a furnace or flue because of a malfunction of the furnace or flue.

In addition, Coverage L and Coverage M do not apply to loss, cost or expense arising out of any governmental direction or request that the **named insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants;

As used in this exclusion:

"hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

"pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.

"waste" includes materials to be recycled, reconditioned or reclaimed.

j. **bodily injury** to an employee of the **insured** arising out of and in the course of employment by the **insured** or the spouse, child, parent, brother or sister of that employee as a consequence of employment of that employee by the **insured**.

This exclusion applies:

(1) whether the **insured** may be liable as an employer or in any other capacity; and

11

SF- Kirk- 911 12th ST.        FORM 3
SF-00091

(2) to any obligation to share damages with or repay someone else who must pay damages because of the injury;

k. **bodily injury** to you or any **insured** and if residents of your household:

(1) your relatives;

(2) any other person under the age of 21 who is in the care of an **insured**.

2. **Coverage L - Business Liability**, does not apply to:

a. liability:

(1) for your share of any loss assessment charged against all members of an association of property owners; or

(2) assumed under any unwritten **contract** or agreement, or by **contract** or agreement in connection with any business of the **insured** other than the rental of the **insured premises**;

b. **property damage** to property owned by any **insured**;

c. **property damage** to property rented to, occupied or used by or in the care of the **insured**;

d. **bodily injury** or **personal injury** to any person eligible to receive any benefits required to be provided or voluntarily provided by the **insured** under any workers' or workmen's compensation, non-occupational disability or occupational disease law;

e. **bodily injury, personal injury, or property damage** for which any **insured** under this policy is also an **insured** under a nuclear energy liability policy or would be an **insured** but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors;

f. **personal injury** caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any **insured**;

g. **personal injury** sustained by any person as a result of an offense directly or indirectly related to the employment of the person by the **insured**;

h. **personal injury** arising out of any publication or utterance in item b. of the definition of **personal injury**:

(1) if the first injurious publication or utterance of the same or similar material by or on behalf of the **insured** was made prior to the effective date of this insurance; or

(2) concerning any business or services made by or at the direction of any **insured** with knowledge of the falsity;

i. **property damage** or **personal injury** to premises you sell, give away or abandon, if the **property damage**, or **personal injury** arises out of those premises.

3. **Coverage M - Premises Medical Payments** does not apply to **bodily injury**:

a. to any person, eligible to receive any benefits required to be provided or voluntarily provided under any workers' or workmen's compensation, non-occupational disability or occupational disease law;

b. from any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these;

c. to any **insured**, any tenant or other person regularly residing on the **insured premises** or to any employees of any of the foregoing if the **bodily injury** arises out of or in the course of their employment;

d. to any person engaged in maintenance and repair of the **insured premises** or alteration, demolition or new construction at such premises.

SF- Kirk- 911 12th ST.
SF-00092                    FORM 3

## SECTION II - ADDITIONAL COVERAGES

We cover the following in addition to the limits of liability:

1. **Claim Expenses.** We pay:

   a. expenses incurred by us and costs taxed against any **insured** in any suit we defend;

   b. premiums on bonds required in a suit defended by us, but not for bond amounts greater than the limit of liability for Coverage L. We are not obligated to apply for or furnish any bond;

   c. reasonable expenses incurred by any **insured** at our request, including actual loss of earnings (but not loss of other income) up to $50 per day for assisting

us in the investigation or defense of any claim or suit;

   d. prejudgment interest awarded against the **insured** on that part of the judgment we pay; and

   e. interest on the entire judgment which accrues after entry of the judgment and before we pay or tender or deposit in court that part of the judgment which does not exceed the limit of liability that applies.

2. **First Aid Expenses.** We will pay expenses for first aid to others incurred by any **insured** for **bodily injury** covered under this policy. We will not pay for first aid to you or any other **insured**.

## SECTION II - CONDITIONS

1. **Limit of Liability.** The Coverage L limit is shown in the **Declarations**. This is our limit for all damages from each **occurrence** regardless of the number of **insureds**, claims made or persons injured.

   The Coverage M limit is shown in the **Declarations**. This is our limit for all medical expense payable for **bodily injury** to one person as the result of one accident.

2. **Severability of Insurance.** This insurance applies separately to each **insured**. This condition shall not increase our limit of liability for any one **occurrence**.

3. **Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

   a. give written notice to us or our agent as soon as practicable, which sets forth:

      (1) the identity of this policy and **insured**;

      (2) reasonably available information on the time, place and circumstances of the accident or **occurrence**; and

      (3) names and addresses of any claimants and available witnesses;

   b. immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

   c. at our request, assist in:

      (1) making settlement;

      (2) the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any **insured**;

      (3) the conduct of suits and attend hearings and trials;

      (4) securing and giving evidence and obtaining the attendance of witnesses;

   d. the **insured** shall not, except at the **insured's** own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the **bodily injury**.

4. **Duties of an Injured Person - Coverage M - Premises Medical Payments.** The injured person, or, when appropriate, someone acting on behalf of that person, shall:

   a. give us written proof of claim, under oath if required, as soon as practicable;

   b. execute authorization to allow us to obtain copies of medical reports and records; and

13

**SF- Kirk- 911 12th ST.**
SF-00093

FORM

c. submit to physical examination by a physician selected by us when and as often as we reasonably require.

5. **Payment of Claim - Coverage M - Premises Medical Payments.** Payment under this coverage is not an admission of liability by any **insured** or us.

6. **Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions.

No one shall have any right to join us as a party to any action against any **insured**. Further, no action with respect to Coverage L shall be brought against us until the obligation of the **insured** has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of any Insured.** Bankruptcy or insolvency of any **insured** shall not relieve us of any of our obligations under this policy.

8. **Other Insurance - Coverage L - Business Liability.** This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTION I AND SECTION II - CONDITIONS

1. **Policy Period.** This policy applies only to loss under Section I or **bodily injury, personal injury, or property damage** under Section II which occurs during the period this policy is in effect.

2. **Concealment or Fraud.** This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

3. **Liberalization Clause.** If we adopt any revision which would broaden coverage under this policy without additional premium, within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination shall not waive any of our rights.

5. **Cancellation.**

   a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect. We may waive the requirement that the notice be in writing by confirming the date and time of cancellation to you in writing.

   b. We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the **Declarations.** Proof of mailing shall be sufficient proof of notice:

   (1) When you have not paid the premium, whether payable to us or to our agent or under any finance or credit plan, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect.

   (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by notifying you at least 10 days before the date cancellation takes effect.

   (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy or if the risk has changed substantially since the policy was issued. We may cancel this policy by notifying you at least 30 days before the date cancellation takes effect.

   (4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary by notifying you at least 30 days before the date cancellation takes effect.

   c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request can

14

**SF- Kirk- 911 12th ST.**
SF-00094

FORM 3

cellation, the return premium will be based on our rules for such cancellation. The return premium may be less than a full pro rata refund. When we cancel, the return premium will be pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Non-Renewal.** We may elect not to renew this policy. If we elect not to renew, a written notice will be delivered to you, or mailed to you at your mailing address shown in the **Declarations**. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

7. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

8. **Subrogation.** Any **insured** may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, any **insured** shall sign and deliver all related papers and cooperate with us in any reasonable manner.

Subrogation does not apply under Section II to Premises Medical Payments.

9. **Death.** If any person named in the **Declarations** or the spouse, if a resident of the same household, dies:

a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under this policy at the time of death;

b. **insured** includes with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

11. **Inspection and Audit.** We shall be permitted but not obligated to inspect your property and operations at any time. However, our right to inspect or our actual inspection and report shall not constitute an undertaking, on your behalf or for your benefit or the benefit of others to determine or warrant that the property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

We may examine and audit your books and records at any time during the policy period and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

## OPTIONAL POLICY PROVISIONS

Each Optional Provision applies only as indicated in the **Declarations** or Extension Certificate.

**Option AI - Named Additional Insured.** The definition of **insured** in this policy includes the person or organization named in the **Declarations** as an additional insured or whose name is on file with us with respect to:

1. Section I: Coverage A - Dwelling;

2. Section II: **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** but only with respect to the **residence premises**. This coverage does not apply to **bodily injury** to any employee arising out of or in the course of the employee's employment by the person or organization.

This option applies only with respect to the location shown in the **Declarations**.

**Option RC - Replacement Cost - Contents.** Under **SECTION I - CONDITIONS**, items a. and b. of the Loss Settlement Condition are replaced with the following:

a. (1) Fences and the following personal property at actual cash value at the time of loss:

(a) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

(b) articles whose age or history contribute substantially to their value including, bu

15

**SF- Kirk- 911 12th ST.**
SF-00095

FORM

not limited to, memorabilia, souvenirs and collectors items;

(c) property not useful for its intended purpose.

(2) We will not pay:

(a) an amount exceeding that necessary to repair or replace the property; or

(b) an amount in excess of the limit of liability applying to the property.

b. Other personal property, carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, and other structures (except fences) that are not buildings under Dwelling Extension, at the cost of repair or replacement at

the time of loss without deduction for depreciation, subject to the following:

(1) We will pay the cost of repair or replacement but not exceeding the smallest of the following amounts:

(a) replacement cost at time of loss;

(b) the full cost of repair;

(c) any special limit of liability described in the policy; or

(d) any applicable Coverage A or Coverage B limit of liability.

(2) Loss to property not repaired or replaced within one year after the loss will be settled on an actual cash value basis.

IN WITNESS WHEREOF, this Company has executed and attded these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company athe agency hereinbefore mentioned.

*Kim M. Brunner*
Secretary

*Edward B Rust Jr*
President

The Board of Directors, in accordance with Article VI(c) of th Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policiesissued by said Company such sums out of its earnings as in its judgment are proper.

1

SF- Kirk- 911 12th ST.
SF-00096

FORM 3

**State Farm Fire and Casualty Company**

Home Office, Bloomington, Illinois 61710



**Birmingham Operations Center**
100 State Farm Parkway
P.O. Box 2661
Birmingham, Alabama 35297-0001

## CERTIFICATE

I, the undersigned, do hereby certify that I am custodian of the records pertaining to the issuance of policies issued by the Personal Lines Division of State Farm Fire & Casualty Company, a stock company with home offices in Bloomington, Illinois.

Based on our available records, I further certify that the attached coverage summary dated SEP 19, 2005 represents a true copy of the policy provisions and coverages as of NOV 02, 2005 for policy 93-EH-2574-0 issued to  KIRK, RANDALL C
                        PO BOX 384
                        LANETT AL  36863-0384

LOCATION:  5439 37TH ST SW
           LANETT AL  36863-4019

_Bill Lovell_
Bill Lovell
Underwriting Section Manager
State Farm Fire & Casualty Company
Birmingham Operation Center
Birmingham AL  35297-0001

State of    Alabama

County of   Jefferson

Subscribed and sworn to before me this _15th_ day of _October, 2007_

_Contance Nichole Horton_
Notary Public

**EXHIBIT**
"C"

PENGAD-Bayonne, N. J.

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 5, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My commission expires:

SF- Kirk- 5439 37th ST
SF-00109

**STATE FARM INSURANCE COMPANIES®**

State Farm Fire and Casualty Company

100 State Farm Parkway
Birmingham, AL 35297-0001

B-09- 1520-F282  F R

KIRK, RANDALL C
PO BOX 384
LANETT AL  36863-0384

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

Location:  5439 37TH ST SW
           LANETT AL
           36863-4019

Mortgagee:  MC CORMICK, E J
            Loan No:  N/A - Provide Below

**Forms, Options, and Endorsements**

| | |
|---|---|
| Special Form 3 | FP-8103.3 |
| Modified Replacement Cost | FE-7466.1 |
| Debris Removal Endorsement | FE-7540 |
| Bodily Injury Amended Defin | FE-8654 |
| Fungus (Including Mold) Excl | FE-5722 |
| Amendatory Subrogation Cond | FE-5841 |

**RENEWAL CERTIFICATE**

POLICY NUMBER    93-EH-2574-0

Rental Dwelling Pol - Special Form
NOV 02 2005 to NOV 02 2006

| DATE DUE | PLEASE PAY THIS AMOUNT |
|---|---|
| NOV 02 2005 | $539.00 |

**Coverages and Limits**

**Section I**
| | | |
|---|---|---|
| A | Dwelling | $58,200 |
| | Dwelling Extension | 5,820 |
| B | Personal Property | 2,910 |
| C | Loss of Rents | Actual Loss |

**Deductibles - Section I**
| | |
|---|---|
| Basic | 500 |

**Section II**
| | | |
|---|---|---|
| L | Business Liab (per occurrence) | $300,000 |
| | (annual aggregate) | 600,000 |
| M | Medical Payments to Others | 1,000 |
| | (each person) | |

| | |
|---|---|
| **Annual Premium** | **$539.00** |
| Amount Due | $539.00 |

**Premium Reductions**
Your premium has already been reduced
by the following:
| | |
|---|---|
| Home Alert Discount | 9.00 |

Inflation Coverage Index:   194.8

SF- Kirk- 5439 37th ST
SF-00110

☛➤ 38 3328 9446

*See reverse side for important information.*
*Please keep this part for your record.*

*Thanks for letting us serve you...*
DONNY HOLLEY
(334) 644-2111           Prepared  SEP 19 2005

---

| IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT    B-1520-F282 | PLEASE RETURN THIS PART WITH YOUR CHECK MADE PAYABLE TO STATE FARM. |
|---|---|

| INSURED  KIRK, RANDALL C | DATE DUE | PLEASE PAY THIS AMOUNT |
|---|---|---|
| POLICY NUMBER  93-EH-2574-0  RENTAL DWELL 3 | NOV 02 2005 | $539.00 |

Provide Loan No. Below

Please contact your State Farm
Agent to make any policy
changes.

09095122022
State Farm Insurance Companies

135-3076 L5 Rev. 2-2001  Printed in U.S.A. (6100011)

| FOR OFFICE USE ONLY | 2266 | 201 | I | | | |
|---|---|---|---|---|---|---|
| Prepared  SEP 19 2005 | | | | REB | FIRE REN | $539.00 | 1202 |
| E  1V,TF | | | | | | |

400533600053900   093615182574001509>

**CONTINUED FROM FRONT**

**Your Rental Dwelling coverage amount....**

It is up to you to choose the coverages and limits that meet your needs. We recommend that you purchase a coverage limit equal to the estimated replacement cost of your rental dwelling. Replacement cost estimates are available from building contractors and replacement cost appraisers, or, your agent can provide an estimate from Xactware, Inc. using information you provide about your rental dwelling. We can accept the type of estimate you choose as long as it provides a reasonable level of detail about your rental dwelling. State Farm does not guarantee that any estimate will be the actual future cost to rebuild your rental dwelling. Higher limits are available at higher premiums. Lower limits are also available, as long as the amount of coverage meets our underwriting requirements. We encourage to periodically review your coverages and limits with your agent and to notify us of any changes or additions to your rental dwelling.

**NOTICE TO POLICYHOLDER:**

For a comprehensive description of coverages and forms, please refer to your policy.

Policy changes requested before the "Date Prepared", which appear on this notice, are effective on the Renewal Date of this policy unless otherwise indicated by a separate endorsement, binder, or amended declarations. Any coverage forms attached to this notice are also effective on the Renewal Date of this policy.

Policy changes requested after the "Date Prepared" will be sent to you as an amended declarations or as an endorsement to your policy. Billing for any additional premium for such changes will be mailed at a later date.

If, during the past year, you've acquired any valuable property items, made any improvements to insured property, or have any questions about your insurance coverage, contact your State Farm agent.

Please keep this with your policy.

(o1f008qf) Rev. 10-2003          (o1f315a)

**IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT. IF THIS IS NOT CONVENIENT, PLEASE COMPLETE THE FOLLOWING.**

Street or R.R. _____          Residence Phone No. _____

City _____  State/Province _____  ZIP/Postal Code _____  Business Phone No. _____

☐ Inside City Limits   ☐ Outside City Limits

Township _____  County _____

Is change:  ☐ Permanent  ☐ Temporary   If temporary, how many months? _____   Do you plan to return to your previous address?  ☐ Yes  ☐ No

☐ Mailing address change only   ☐ Location change  (Please see your State Farm agent)

*(Auto Policyholders Only)*                                      ☐ Check box if change applies to ALL
                                                                    State Farm policies in household.

*Is the vehicle driven to and from work/school?*  ☐ Yes  ☐ No

*If the answer is "yes", what is the average weekly mileage for such use?* _____

(o1f008qf)

SF- Kirk- 5439 37th ST
SF-00111

FE-7466.1
(7/86)

## MODIFIED REPLACEMENT COST ENDORSEMENT

Under **SECTION I - CONDITIONS, Loss Settlement**, item c. is replaced with the following:

c.  Buildings under Coverage A by one of the following methods:

(1) Repair Cost - We will pay the cost of repairing or replacing the damaged property for the same use on the same premises with commonly used materials that are readily available in the area where the building is located. The type of materials necessary to place the building in liveable condition will be agreed upon by you and us. We will not deduct for depreciation. Payment will not exceed the smaller of the following amounts:

(a)  the limit of liability under this policy applying to the building;

(b)  the amount actually and necessarily spent to repair or replace the damaged building.

(2) Actual Cash Value

(a)  if you decide not to repair or replace the damaged property, settlement will be on an actual cash value basis;

(b)  payment will never exceed the limit of liability applying to the building;

(c)  you may make a claim for any additional liability under the Repair Cost provision within 180 days after the loss if the actual repair or replacement is completed.

All other provisions of this policy apply.

**SF- Kirk- 5439 37th ST**
SF-00112

PRINTED IN U.S.A.

SECTION I - ADDITIONAL COVERAGES

Debris Removal is replaced by the following:

1. Debris Removal. We will pay the reasonable expenses you incur in the removal of debris of covered property when coverage is afforded for the peril causing the loss. This expense is included in the limit applying to the damaged property.

We will pay up to $500 in the aggregate for each loss to cover the reasonable expenses you incur in the removal of tree debris from the residence premises when the tree has damaged property covered under Coverage A.

When the amount payable for the property damage plus the debris removal expense exceeds the limit for the damaged property, an additional 5% of that limit is available for debris removal expense.

All other policy provisions apply.

FE-7540
(9/89)

SF- Kirk- 5439 37th ST
SF-00113

FE-8854
(4/98)

# BODILY INJURY AMENDED DEFINITION ENDORSEMENT

The definition of **bodily injury** is replaced by the following:

"**bodily injury**":

a.  means physical injury, sickness or disease to a person, including required care, loss of services and death resulting therefrom;

b.  does not include:

(1) disease, bacteria, parasite, virus or other organism, any of which are communicable and transmitted by any **insured** to any other person;

(2) the exposure to any such disease, bacteria, parasite, virus or other organism by any **insured** to any other person; or

(3) emotional distress, mental anguish, humiliation, mental distress, mental injury or any similar injury unless it arises out of actual physical injury to some person.

All other policy provisions apply.

FE-8854
(4/98)

Printed in U.S.A.

SF- Kirk- 5439 37th ST
SF-00114

FE-5722

# FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

## DEFINITIONS

In all policies, the following definition is added:

"**fungus**" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.

## SECTION I - LOSSES NOT INSURED

In SPECIAL FORM 3 policies only, item 1.j. is replaced by the following:

j.   rust, or wet or dry rot;

The following is added to item 2. of Losses Not Insured in SPECIAL FORM 3 policies or under Losses Not Insured in BASIC MODIFIED REPLACEMENT COST - FORM 1 policies:

**Fungus**, including the growth, proliferation, spread or presence of **fungus**, and including:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by **fungus**;

(2) any remediation of **fungus**, including the cost or expense to:

   (a) remove or clean the **fungus** from covered property or to repair, restore or replace that property;

   (b) tear out and replace any part of the building or other property as needed to gain access to the **fungus**;

   (c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the **fungus**; or

FE-5722

   (d) remove any property to protect it from the presence of or exposure to **fungus**;

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus**, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

## SECTION II - EXCLUSIONS

In all policies, the following exclusion is added to item 1.:

l.   any:

(1) **bodily injury, personal injury,** or **property damage** arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any **fungus** at or from any source or location; or

(2) loss, cost or expense arising out of any:

   (a) request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of **fungus**; or

   (b) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of **fungus**.

All other policy provisions apply.

**SF- Kirk- 5439 37th ST**
SF-00115

FE-5841

## AMENDATORY SUBROGATION CONDITION ENDORSEMENT

**SECTION I AND SECTION II - CONDITIONS**

Subrogation is replaced with the following:

**Subrogation.**

a. If any **insured** to or for whom we make payment under this policy has rights to recover damages from another, those rights are automatically transferred to us to the extent of our payment. We are subrogated to the full extent of our payment and our rights are not dependent on whether that **insured** is fully compensated for their loss or is made whole. The application of a deductible under this policy shall not prevent any **insured** from being considered fully compensated or made whole.

b. If any **insured** to or for whom we have made payment has not recovered from any party liable for the damages, that **insured** shall:

   1) take no action after a loss prejudicing our rights under this contract;

FE-5841

   2) keep these rights in trust for us;

   3) sign and deliver any legal papers we need;

   4) when we ask, take action through our representative to recover our payments;

   5) cooperate with us in a reasonable manner.

c. If any **insured** to or for whom we have made payment recovers from any other party liable for the damages:

   1) that **insured** shall hold in trust for us the proceeds of the recovery; and

   2) that **insured** shall reimburse us to the extent of our payment.

d. Any **insured** may waive in writing before a loss all rights of recovery against any person.

**Subrogation** does not apply under **SECTION II** to **PREMISES MEDICAL PAYMENTS.**

SF- Kirk- 5439 37th ST
SF-00116

```
AL-MISS  (09)              PDQ - Name and Address              QNB001F0


F 93 EH2574 0      Team/Div/Unit: RDP RCUP                        B
                                          Type: RENTAL DWELL 3
Status: 20 EXTRACT - RENEWAL  R   Note  IV

Eff: 11-02-2005  Exp: 11-02-2006
Agt: 1520-F282  Name: HOLLEY, DONALD A      (Donny    ) Ph: 334-644-2111
                                               Addl interest: 01
 Insured                         1st Addl Type: MTG
N: KIRK, RANDALL C
A: PO BOX 384                       N: MC CORMICK, E J
C: LANETT AL                        A: PO BOX 55
                                    C: CUSSETA AL

                      36863-0384
Ph: 334-576-5639 B
SSN 1: 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                  Zip: 36852-0055
DOB 1: 04-19-1960
  Ins is: INDIVIDUAL


  Location
5439 37TH ST SW
LANETT AL


Zip: 36863-4019




                                                07/10/12
PDQ screen: ____ Next system: _PDQ_ Input screen ____       ID: NG8T
```

SF- Kirk- 5439 37th ST
SF-00117

```
AL-MISS  (09)                PDQ - General Data                    QNB002T6


F 93 EH2574 0  Name: KIRK, RANDALL C              Type: RENTAL DWELL 3
Status: 20 EXTRACT - RENEWAL  R  Note  IV

Eff: 11-02-2005 EXP: 11-02-2006
         Ratable: YES  Prem code: 2  Term: 98

Last entry date: 09-19-2005    LPU date: 10-02-2007        Stat agent: 1520


     Billing Information
Total premium:        539.00
                                   Written dt: 11-02-1999
                             Acct renewal dt: 11-03-2005  B-10: N


                               Commission data
                    Occr Agt  Mgr CC Np Rate Ctl  Premium
                     1  1520              0  0     539.00
```

```
                                                07/10/12
PDQ Screen: _____  Next system:  PDQ  Input screen _____    ID: NG8T
```

SF- Kirk- 5439 37th ST
SF-00118

```
AL-MISS  (09)         PDQ - Statistical Policy Information        QNB035A1


F 93 EH2574 0   Name: KIRK, RANDALL C
Eff: 11-02-2005  Exp:  11-02-2006


----Coverages-----    --Med Pay Limits--
                        A33       1000


   A32      300000


Forms and opt:
  FP /8103/3     FE /7466/1     FE /7540     FE /8654     FE /5722
  FE /5841



Risk no: 1
   YR ISS 99     RATEIV 057    RATE V  17.00  ZONE V 5.03
   SBZN V 5.03    IV     5




        Total number of loc: 0001    Total coverage A:     58,200
                                     Total coverage B:      2,910



                                                    07/10/12
PDQ screen: _____ Next system: PDQ  Input screen _____    ID: NG8T
```

**SF- Kirk- 5439 37th ST**
SF-00119

```
AL-MISS  (09)              PDQ - Statistical Line Information              QNB034W1


F 93 EH2574 0   Name: KIRK, RANDALL C
Eff: 11-02-2005  Exp: 11-02-2006
         PACE      Coverage                    Annual  Accounting      Sp Sb Pol
Ln      Index       Amount   Ded Ded Liability  Premium   Premium     Zn Cov Cd Cd R
001 R-194.8         58200    500       300000   539.00               45 RD  M  3 1
                                Total:          539.00


Ln  Loc No  Const  PC  Cnty  City  MTE   Yr Blt  Remod Yr  No Units Spr Cr R
001 0001      F   4003  009  N000         1950                 1            1


Ln  Hm Alert  Alarm Cr/Pct New/Rem/OH Sq Ft  Roof Roof Cl Area  Wind Cr Eq Cl R
001 SA            $9/ 2%      $26    1500   S                                  1


Ln   BCEG  Certified BC  Improved BC Yr  Community BC  LPEX  Stove          R
001                                                                         1


Ln  Roof Cov  Hail Res  Inst Dt     HRC/PCT   Subzn    WLRRP   WLRCr/Fct    R
001                                             03                          1



                                                      07/10/12
PDQ screen: _____ Next system: PDQ_ Input screen _____ Loc: _____    ID: NG8T
```

SF- Kirk- 5439 37th ST
SF-00120

```
AL-MISS  (09)              PDQ - Underwriting Screen              QNB004T0


F 93 EH2574 0   Name: KIRK, RANDALL C              Type: RENTAL DWELL 3
 Status: 20 EXTRACT - RENEWAL  R Note  IV

Eff: 11-02-2005  Exp: 11-02-2006
                         Move-in: O
Agt: 1520-F282 Name: HOLLEY, DONALD A        (Donny    ) Phone: 334-644-2111
                     Additional interests: 01 Yr blt: 1950 Yr iss: 1999


Forms and options: FP /8103/3    SPECIAL FORM              Deductibles
  FE /7466/1     MOD REPL COST       ALL PERILS      500
  FE /7540      DEBRIS REMOVAL
  FE /8654      BI AMENDED DEF
  FE /5722      FUNGUS EXCL
  FE /5841      AMEND SUB COND

                                            Coverages

                          Total coverage A              58200
                          Total coverage B               2910

Total premium:     539.00
                                 Business liability  (A32)     300000
---------- Und Reports -----------    Aggregate liability          600000
Vend Report Result Score   Date       Med pay per person  (A33)      1000
  I     G                12-07-1999


LNGTD: - 85.2494710     Loss history       Date of last CDQ: 08-25-2006
LATUD:   32.8155930                      Claim         No Claims:    1
Match type:  A                           Number     Loss Date    Status
                                         01X515222  04-19-2006   CLOSED



                                          07/10/12
PDQ screen: _____  Next system: PDQ_  Input screen  _____      ID: NG8T
```

**SF- Kirk- 5439 37th ST**
SF-00121

```
AL-MISS  (09)                PDQ - Notes                    QNB006D7


 F 93 EH2574 0     Name: KIRK, RANDALL C            Type: RENTAL DWELL 3
  Agt: 1520-F282   Name: HOLLEY, DONALD A      (Donny    )

Roof: S  1500

            Photo: 02-23-2004



 Last reinspection: 02-23-2004      By: REGION        Entered: 04-16-2004
```

```
                                              07/10/12
PDQ screen: ____   Next system: PDQ   Input screen: ____   ID: NG8T
```

```
AL-MISS  (09)             Claim History Review                QNN542X3


Pol no: F 93 EH2574 0  Insured: KIRK, RANDALL C              Oper: NG8T

Yr iss: 1999 Exp: 11-02-2008 Type: RENTAL DWELL 3  SAS:     Agt/AFO: 1520 F282

Status: 01 Prop amt:      64400 Ded:     ALL PERILS      500  No claims:   1

        Claim     Date of      Cause/
No     Number      Loss        Reason     Status
  1 01X515222   04-19-2006   35/HLC      CLOSED

          Reserve        Paid     Recovery      Expense    Mold Ind
          Amount       Amount       Amount       Amount     Amount
  1            0         2291            0          377          0
                       INSURED KIRK, RANDALL C
                                      Initial dt closed: 09-19-2006
```

**SF- Kirk- 5439 37th ST**
SF-00123

```
AL-MISS  (09)                Claim Detail Cause                QNN544T0


  Pol no: F 93 EH2574 0        SAS:         Type: RENTAL DWELL 3
  Insured: KIRK, RANDALL C                  Agt: 1520 HOLLEY, DONALD A
          PO BOX 384                        Exp: 11-02-2008
  Status: 01 NOT IN BILL CYCLE  R   No claims:   1
  Yr iss: 1999                      Prop amt:      64400
      Ded:    ALL PERILS      500


  Claim no: 01X515222      Dt of loss: 04-19-2006    Dt closed: 06-29-2007 RC:
  Pol no: F 93 EH2574 0   Dt reported: 08-25-2006   Indem amt pd:     2291.91
   Agent: 1520              Suit/ADR: Y/            Reserve amt:         0.00
    Type: RENTAL DWELL 3    Cat code: RA            Expense amt:       377.00
    Unit:  4 8               Salvage: NO            Recovery amt:        0.00
  Status: CLOSED        Subrogation: NO             Mold ind amt:        0.00
                                                   Claim off: MONTGOMERY OP CN

     Ins: KIRK, RANDALL C            Claimant:
          PO BOX 384                 Claimant dt of birth:
  Adjuster: ANGELA       B PIERCE       Adjuster phone no: 334-213-1082
  Und Rev:
                                     Initial dt closed: 09-19-2006



  Cause/Line: 35/RD        WIND OR HAIL - BUILDING
      Status: PD           CLOSED BY FINAL INDEMNITY PAYMENT
  Indem amt pd:      2291.91  Reserve amt:          0.00 Loc no: 0001
  Expenses pd:       377.00 Recovery amt:          0.00
       Comment: HL HAIL LOSS

   Cause/Line:
      Status:
  Indem amt pd:              Reserve amt:               Loc no:
  Expenses pd:              Recovery amt:
     Comment:

                                                     07/10/12
  Next system: PDQ   PDQ screen: UND    Page:   1    @NG8T
```

SF- Kirk- 5439 37th ST
SF-00124

```
AL-MISS (09)    **** PDQ - HISTORY OF TRANSACTION ****        QNB007B7

F 93 EH2574 0    NAME KIRK, RANDALL C

                                        ENTRY    EFFECTIVE
                    TRANSACTION      OP ID  DATE     DATE        PREMIUM
WRITTEN PREM AND COMM RELEASED            10-02-2007

BILLING                                   09-18-2007 11-02-2007    588.00

RENEWAL COMM RELEASED (RENEWAL            11-03-2006
WRITTEN PREM RELEASED PREVIOUSLY)

WRITTEN PREM RELEASED WITHOUT COMM        11-02-2006
(RENEWAL EFFECTIVE DATE REACHED)

BILLING                                   09-18-2006 11-02-2006    577.00

RENEWAL COMM RELEASED (RENEWAL            11-03-2005
WRITTEN PREM RELEASED PREVIOUSLY)

WRITTEN PREM RELEASED WITHOUT COMM        11-02-2005
(RENEWAL EFFECTIVE DATE REACHED)

BILLING                                   09-19-2005 11-02-2005    539.00

WRITTEN PREM AND COMM RELEASED            10-04-2004

BILLING                                   09-21-2004 11-02-2004    523.00

REINSPECTION                       CMS8   04-16-2004 02-23-2004
            Region

TOWNCLASS CHANGED BY RECODE               02-13-2004 02-13-2004

WRITTEN PREM AND COMM RELEASED            10-07-2003

                *** OVERFLOW - PRESS PF14 ***
                                                        07/10/12
PDQ SCREEN _____  NEXT SYSTEM PDQ   INPUT SCREEN _____   ID: NG8T
```

SF- Kirk- 5439 37th ST
SF-00125

```
AL-MISS (09)    **** PDQ - HISTORY OF TRANSACTION ****        QNB007B7

F 93 EH2574 0    NAME KIRK, RANDALL C

                                              ENTRY    EFFECTIVE
                   TRANSACTION           OP ID  DATE      DATE        PREMIUM
1ST ADDITIONAL INTEREST CHANGED          ACDL  09-30-2003 09-26-2003
     OLD MTG - 0754700007

BILLING                                        09-18-2003 11-02-2003    492.00

1ST ADDITIONAL INTEREST CHANGED          GG2N  01-30-2003
     OLD MTG - E.J. MC CORMICK

WRITTEN PREM AND COMM RELEASED                 10-01-2002

BILLING                                        09-18-2002 11-02-2002    421.00

WRITTEN PREM AND COMM RELEASED                 10-05-2001

BILLING                                        09-18-2001 11-02-2001    376.00

CHG OF CO. - GENL TO FIRE                      09-18-2001 11-02-2001

BILLING EXTRACT                                09-07-2001

WRITTEN PREM AND COMM RELEASED                 09-28-2000

BILLING                                        09-18-2000 11-02-2000    291.00




            *** OVERFLOW - PRESS PF14 ***
                                                        07/10/12
PDQ SCREEN _____    NEXT SYSTEM PDQ   INPUT SCREEN _____   ID: NG8T
```

**SF- Kirk- 5439 37th ST**
SF-00126

```
AL-MISS (09)    **** PDQ - HISTORY OF TRANSACTION ****      QNB007B7

F 93 EH2574 0    NAME KIRK, RANDALL C

                                        ENTRY    EFFECTIVE
                    TRANSACTION      OP ID  DATE     DATE        PREMIUM
      FPA CHANGED                    HSEE   01-31-2000

      CODE CHANGE                    HSEE   01-31-2000  01-31-2000

      NEW BUSINESS                   HIOW   11-30-1999  11-02-1999     287.00
```

```
                                                    07/10/12
PDQ SCREEN _____   NEXT SYSTEM PDQ   INPUT SCREEN _____    ID: NG8T
```

SF- Kirk- 5439 37th ST
SF-00127

```
AL-MISS  (09)   **** HISTORY OF JOURNAL ACTIVITY SCREEN ****        QND536A2

93 EH2574 0     NAME KIRK, RANDALL C              TYPE RENTAL DWELL 3

                                        REMITTER/    CROSS        BALANCE
JNL DATE JNL CO     AMOUNT         ACCOUNT  PAYEE    REFERENCE      DUE
10-03-07 PCT  F      588.00 CR 336-00 CASH SUSP  INS
         PCT  F      588.00 DR 307-74 CPC PYMT   INS   IE20

10-02-07 PCT  F      588.00 CR 010-04 WRIT PREM
         PCT  F      588.00 DR 336-00 CASH SUSP

11-06-06 PCT  F      577.00 CR 336-00 CASH SUSP  INS
         PCT  F      577.00 DR 307-74 CPC PYMT   INS   IE20

11-03-06 PCT  F      577.00 DR 336-00 CASH SUSP
         PCT  F      577.00 CR 235-12 PICC

11-02-06 PCT  F      577.00 CR 010-04 WRIT PREM
         PCT  F      577.00 DR 235-12 PICC                          577.00

11-04-05 PCT  F      539.00 CR 336-00 CASH SUSP  INS
         PCT  F      539.00 DR 307-74 CPC PYMT   INS   IE20

11-03-05 PCT  F      539.00 DR 336-00 CASH SUSP
         PCT  F      539.00 CR 235-12 PICC

11-02-05 PCT  F      539.00 CR 010-04 WRIT PREM
         PCT  F      539.00 DR 235-12 PICC                          539.00




                                                    07/10/12
                                                    @NG8T
PDQ SCREEN HIST  NEXT SYSTEM PDQ
```

SF- Kirk- 5439 37th ST
SF-00128

```
            Insured: Kirk, Randall
             Policy: 93-EH2574

        Eff/Ren date:
        Survey type: Limited
               FUSR: 78T156X1GRN5

   Location street: 5439 37th St Sw
     Location city: Lanett, AL  36863
   Location county:
    Mailing street: 5439 37th St Sw
      Mailing city: Lanett, AL  36863

  Hours of operation:  to:

            Contact:
      Contact title:
      Contact phone:

       Survey status: Reviewed
Action taken on Policy: Issued

   Date requested: 02/20/04          Date due: 03/20/04
   Date completed: 02/23/04     Date reviewed: 04/16/04

          Completed by: Keith Murdock
           Reviewed by: Alex Fitts

Special comments:

   02-23-4  The requested survey type "Residential P
   & C" has not been completed.  See narrative for additional
   information.
```

---
Request - Policy

```
          Assigned to: Murdock, Keith
         Requested by: Fitts, Alex

           Agent name: Holley, Donny
           Agent code: 1520
                  AFO: F282

  Application status: Written

  Coverage amounts
             Building:
             Contents:
            Liability:

  Other policies: No
```

---
Summary Page

```
  Sources of information
     None

          Attitude favorable: N/A
```

SF- Kirk- 5439 37th ST
SF-00129

```
     Recs discussed with insured: N/A
             Expect compliance: N/A
       Recs discussed with agent: N/A
     Risk meets CLM requirements: N/A
         Future surveys suggested: N/A

              Opinion of risk: Satisfactory

              Date surveyed: 02/23/04
```

---
Narrative Page

   AQA survey -- unable to verify address due to grouping
   of houses and mailboxes

---
Narrative - Unsatisfactory items or concerns

    Summary - Source of information - none

---
Recommendations Summary

   Required:

        None present

   Suggested:

        None present

---
Commercial Cost Guide Worksheet

     No cost guide information entered

---
Directions

     No information entered

---
Comments

     No information entered

---



SF- Kirk- 5439 37th ST
SF-00131



SF- Kirk- 5439 37th ST
SF-00132

STATE = AL

RFRIN026
STATE FARM INSURANCE COMPANIES
PPC MAPCHECK WORKSHEET
PPC FILE DATE 12-03-1999
12-07-1999

COUNTY NAME:   CHAMBERS

POLICY TYPE:   RENTAL DWELLING (FORM 3)          PRIMARY FLAGS: D

POLICY NUMBER: G-93-EH-2574-O                    SECONDARY FLAG:  1

K 34

INSURED:       KIRK, RANDALL C                   PHONE:   (334)576-5639

AGENT:         HOLLEY, DONALD A, 1520            PHONE:   (334)644-2111


POLICY INFORMATION AS OF 12-07-1999              CORRECTED INFORMATION

LOCATION ADDRESS:     5439 37TH ST SW            _____

                      LANETT AL                  _____

                                                 _____

                                                 _____

                                                 _____

ZIPCODE:              368634019                  _____

COUNTY:               009, CHAMBERS              _____

PROTECTION CLASS:     6                          6

FPA:                  009L0A, LANETT  FD         009L0S

DISTANCE TO SFD:      3 MILES                    3          FM 12/13

PRFPA:                                           _____

TOWNCLASS INFO
  3RD DIGIT:          0                          0

  4TH DIGIT:          3                          3

ZONE VERIFICATION
  CURRENT ZONE:                                  _____
  GENERATED ZONE:

_____ INCREASE      _____ DECREASE      _____ NO CHANGE

COMMENTS:

_____

_____

_____

_____

APPROVED BY:_____DATE:_____

SF- Kirk- 5439 37th ST
SF-00133

| ☑ RENTAL DWELLING | ☐ State Farm Fire and Casualty Company | POLICY NUMBER ONLY |
|---|---|---|
| ☐ RENTAL CONDO UNIT | ☑ State Farm General Insurance Company | 93-EH-2574-0 K |
| APPLICATION | • Bloomington, Illinois | |

| ☐ New | Schedule | E of 1 of | Policy Number | Effective Date 11/2/99 | Other State Farm insurance: ☐ Auto ☑ Fire ☐ Life ☐ Health ☐ None | Term 12 Months |

**APPLICANT**

| NAME Please print | Last Name | First Name | Middle Name or Initial | Co-applicant's Name (if applicable) |
|---|---|---|---|---|

| Mailing address | Number and Street | City or Town | State | ZIP Code |
|---|---|---|---|---|
| | 5439 37th SW | Cullat M | | 35503 |

| Location of premises | (if different from mailing address) | 5439 37th SW | Cull | State AL | ZIP Code 35503 | County | Telephone (area code) |

| Applicant's Social Security Number | 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 | Co-applicant's Social Security Number | | | | |

| The named applicant is: ☑ Individual ☐ Corporation | ☐ Partnership (give names of partners in Remarks) | ☐ Other (describe) | Applicant's specific occupation |

**LOSSES**

| DATE OF LOSS | TYPE OF LOSS | TOTAL AMT. OF LOSS |
|---|---|---|
| | | 11/19/99 |

**COASTAL ONLY**

| Is the building located within 1,000 ft. at high tide of the ocean, gulf, bay, harbor, open body of water, or located on an island? | Yes | No | If yes, give reason for submission in Remarks and refer to Underwriting Guide for information required. If located on an island, give name of island. |
|---|---|---|---|

**HOME/RESIDENTIAL ALERT**

CHECK ALL THAT APPLY:
☐ Fire or smoke local alarm   ☐ Deadbolt locks   ☐ Fire extinguisher   ☐ Burglar alarm system   ☐ Fire/burglar alarm reporting to fire dept., police dept. or central station*   ☐ Fire or smoke detectors with digital or voice-synthesized telephone dialer

*ALSO COMPLETE THE FOLLOWING QUESTIONS:
Name of system _____ Date installed _____

Name and address of company that installed the system _____

Frequency of maintenance and testing _____   System is designed to protect against: ☐ Fire ☐ Burglary ☐ Both Fire and Burglary

Name and address of central/police station to which system reports _____

Apply Sprinkler Credit. Review CLM then describe extent of protection for each location in Remarks

**OVER 20**

| Heating | Year Updated 1990 | Type | ☐ Central ☐ Space | ☐ Vented ☐ Unvented | Fuel | ☐ Electric ☐ Wood ☐ Gas ☐ Oil ☐ Coal ☐ Other (specify) | | | | Thermostat controlled? | ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Plumbing | Year Updated 1982 | Electrical | Year Updated 1992 | Knob-Tube ___% | No. of fuses | 15 Amp | 20 Amp | 30 Amp | Other | No. of circuit breakers 22 | Rating of main box (in amps) 200 |

**BUILDING SCHEDULE - CONDO UNITS ONLY**

| Loc. No. | Unit No. | Location of Property (Number and Street, City, Sate, ZIP Code) | Limits of Insurance | | Year built | Building construction | Number of stories | Number of fire div. | Number of units per div. |
|---|---|---|---|---|---|---|---|---|---|
| | | | Building | Business personal property | | | | | |
| | | | | | | | | | |
| | | | | | | 11/19/99 | | | |

| If increased building and/or loss assessments coverage is requested, is a master policy in force for the building? | Yes | No | Is master policy written on an all physical loss basis? | Yes | No | If no, explain below |
|---|---|---|---|---|---|---|

**REMARKS**

50   30

PKg 23
FE 7466.1

SF- Kirk- 5439 37th ST
SF-00134

535-2612 cAL.1 Rev. 01-1999 Printed in U.S.A.                    SUPPLEMENTAL APPLICATION-AGENT'S COPY

☑ RENTAL DWELLING  ☐ State Farm Fire and Casualty Company
☐ RENTAL CONDO UNIT  ☑ State Farm General Insurance Company
APPLICATION                Bloomington, Illinois

**POLICY NUMBER ONLY**  93- EH- 23740  K

| ☐ Renew ☐ Schedule ☐ E et 1 of | Policy Number | Effective Date 11/2/99 | Other State Farm insurance? | Home Name or Initial | ☐ Auto ☑ Fire ☐ Life ☐ Health ☐ None | Co-applicant's Name (if applicable) | Term 12 Months |

**APPLICANT**

NAME Please print — Kirk    Randall

Mailing address — PO Box 381    Lanett    AL    36863

Location of premises — 5439 37th St SW    Lanett, AL 36863    Chambers

Applicant's Social Security Number — 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    Co-applicant's Social Security Number    334 576 5637

The named applicant is: ☑ Individual  ☐ Corporation  ☐ Partnership (give names of partners in Remarks)  ☐ Other (describe)    Applicant's specific occupation: Salesman

Does this risk meet all Underwriting Guide requirements? ☐ Yes ☑ No    Has the applicant had any losses, insured or not, in the past three years (fire, wind, crime, etc.)? ☐ Yes ☑ No    If yes, complete Loss section on Supplemental application

**UNDERWRITING**

Most recent property insurer — NONE    don't own home

Has any insurer or agency canceled or refused to issue or renew similar insurance to the named applicant or any household member within the past three years? ☑ No ☐ Yes, give reason in Remarks    Is there a Comprehensive Liability policy in force? ☑ ___    From ___ To ___    UNDERWRITING USE ONLY Approved by ___ Date 11/19/99

Year purchased 1999    Purchase price $ 45,000    Current market value $ 45,000    Is the building part of a Homeowners Association? ☑ ___

Who is responsible for the management, care and maintenance of the property? personal supervision of applicant    Real estate management company (give name and address in Remarks)    Other (explain in Remarks)

Total number of rental dwellings/condo units currently owned by applicant    Number insured with State Farm 2    Is there a wood stove or furnace, coal stove or free-standing fireplace anywhere on the property? ☐ Yes ☑ No, If yes, complete Checklist F6-683    GFU Code

Is any business (including child care) conducted on the premises? ☐ Yes ☑ No If yes, describe in Remarks    Is building being remodeled? ☐ Yes ☑ No If yes, is it by a contractor? ☐ Yes ☐ No    Describe remodeling in Remarks and give expected completion date    Date

ROOF: NOTE - Dwellings with poor roofs are unacceptable and should not be written    Year Replaced 1995    General comments about roof's condition: Good

Indicate any of the following that might be of concern ☐ Possible hail damage ☐ Curled shingles ☐ Patched areas ☐ Loose or missing shingles ☐ Wear in valleys ☐ Missing or replaced ridge row ☐ Stain or rotting under eaves ☐ Any interior leaks If yes, explain in Remarks

Does the dwelling have smoke detectors and do they meet code requirements? ☑ ___    If Dwelling Under Construction, is applicant acting as general contractor? ☐ Yes ☐ No If yes, explain in Remarks

How long have you known the applicant? 15 yrs.    Date you personally surveyed the premises: 11/2/99

**IV.** Regional Office copy of ECHO I.V. must be attached

**RA**

Zone 73    Construction ☐ Frame ☐ Masonry Veneer ☑ Masonry ☐ Other (specify)    Is risk inside city limits? ☑ ___ If no, how far outside city? ___ mi.

Distance to: Servicing fire dept. 3 mi.    Hydrant 500 ft.    Name of Fire Protection Area (FPA) where the risk is located (as listed in CLM) Lanett    Protection class 6

Year built 1950    ☐ If over 30 yrs. old, complete Over 30 section    Seasonal occupancy? ☐ Yes, explain in Remarks    No. of living units per fire division one

First occupied 11/99    Occupied ☑ Tenant ☐ Vacant ☐ Dwelling Under Const.    If vacant, explain in Remarks    Home/Residential Alert Credit 2    (from Home/Residential Alert section on Supplemental % application

Forms: ☑ Special Form ☐ Basic Form    ☐ Rental Condominium Unit (rented 100% of the time)

**COVERAGE**

**SEC. I**

A. Dwelling (for Condo Units, see Building Schedule)    Limits of Insurance $ 45,000    State Premium    All Peril: ☑ $500 ☐ Other ___

Dwelling Extension (total amount including 10% from Coverage A) $ 4,500    $ ___    Hurricane Deductible: ☐ 2% ☐ 5% ☐ 10% ☐ 15% (May NOT be available in all Zones - see CLM)

**SF- Kirk- 5439 37th ST**
**SF-00135**

B. Business Property (total amount) (for Condo Units, see Building Schedule) $ 2,750    $ ___    ☐ Replacement Cost on Contents    Premium $ ___    ☐ Loss Assessment Endorse. For Rental Dwellings Only (Must be part of a Homeowners Association. Do not bind if over $25,000.)    Premium $ ___

C. Loss of Rents    Actual Loss Sustained    ☐ Building Ordinance or Law- % of Cov. A ___ %    $ ___    ☐ Dwelling Under Construction    $ ___

**INCOMPLETE APP T/S DATE 11/19/99**

D. Loss Assessments (condo units only) $1,000 Other    ☐ Earthquake Coverage Endorsement Zone ___ Deductible ___ %    ☐ Delete Sec. I (available only in certain circumstances)    Other:

**SEC. II**

L. Business Liability (each occurrence) $300,000 Other The annual aggregate limit is equal to 2 times the occurrence limit.    Does building have masonry veneer? ☐ Yes ☐ No If yes, is coverage desired on veneer? ☐ Yes ☐ No

**ISSUED**

M. Premises Medical Payments $1,000 RDP $5,000 RCUP    SPP Account Number    Surcharge if applicable $ ___    Amount paid $ 287.00    Balance due $ 0    PREMIUM SUBTOTAL $ ___    TOTAL PREMIUM $287.00

**OTHER INTEREST**

☑ Mtg. ☐ Named add'l insured (explain interest in Remarks) E.J. McCormick P.O. Box 55 Cusseta, AL 36852    ZIP Code    Loan Number    Mtg. Subset Code    BILLING RENEW. BILLS: ☑ Insured ☐ Mtg. ☐ Svc. Agt.

☐ 2nd mtg. ☐ Named add'l insured (explain interest in Remarks)    Svc. agt. (Give name and address)    ZIP Code    Loan Number    Mtg. Subset Code    END. BILLS: ☑ Insured ☐ Mtg. ☐ Svc. Agt.

**ATT.**

I understand that coverage is: ☑ provided by this application. ☐ not provided until this application is approved by State Farm's Underwriting Department.    Agent's Code Stamp    '98 Bronze Tablet D. HOLLEY 01-1520 MONTGOMERY EAST F285    Date and Time of Application Mo. 11 Day 2 Yr. 99 Hour 10:00 ☐ a.m. ☐ p.m.

I am applying for the insurance indicated, and the statements on this application are correct. I understand that the premium shown above must comply with State Farm's rates and may be revised.

Applicant's Signature X ___

Print Name of Authorized Representative

535-2512 cAL.1 Rev. 01-1999 Printed in U.S.A.

OFFICE COPY

FP-8103.3
(5/88)





# YOUR
# STATE FARM
# RENTAL DWELLING
# POLICY

**SF- Kirk- 5439 37th ST**
SF-00136



FP-8103.3
(5/88)

**TABLE OF CONTENTS**

**DECLARATIONS**
Your Name
Location of Your Residence
Policy Period
Coverages
Limits of Liability
Deductibles

|  | Begins on Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **SECTION I - YOUR PROPERTY** | |
| COVERAGES | |
| Coverage A - Dwelling | 2 |
| Coverage B - Personal Property | 2 |
| Coverage C - Loss of Rents | 3 |
| Additional Coverages | 3 |
| Inflation Coverage | 5 |
| LOSSES INSURED | 5 |
| LOSSES NOT INSURED | 5 |
| CONDITIONS | 7 |
| **SECTION II - YOUR LIABILITY** | |
| COVERAGES | 9 |
| Coverage L - Business Liability | 9 |
| Coverage M - Premises Medical Payments | 10 |
| EXCLUSIONS | 10 |
| ADDITIONAL COVERAGES | 13 |
| CONDITIONS | 13 |
| **SECTION I AND II - CONDITIONS** | 14 |
| **OPTIONAL PROVISIONS** | 15 |

Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983.

FP-8103.3
(5/88)

Printed in U.S.A.

**SF- Kirk- 5439 37th ST**
SF-00137

# RENTAL DWELLING POLICY - SPECIAL FORM 3

## AGREEMENT

We agree to provide the insurance described in this policy. You agree to pay premiums when due and comply with the provisions of this policy.

## DEFINITIONS

"You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the Declarations.

Certain words and phrases are defined as follows:

1. "bodily injury" means bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person.

2. "contract" means any written contract or agreement wherein the named insured has expressly assumed liability for damages to which this policy applies.

3. "Declarations" means the policy Declarations, any amended Declarations, the most recent renewal notice or certificate, an Evidence of Insurance form, or any endorsement changing any of these.

4. "insured" means:

   a. if the named insured is designated in the Declarations as an individual and is a sole proprietor, the named insured and spouse;

   b. if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof;

   c. if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization trustees, directors or governors or stockholder thereof while acting within the scope of their duties;

   d. any employee of the named insured while acting within the scope of that employment;

   e. any person or organization while acting as real estate manager for the named insured.

   The insurance afforded applies separately to each insured against whom claim is made, or suit is brought, except with respect to the limit of our Company's liability.

   This insurance does not apply to bodily injury or personal injury or property damage arising out of the conduct of any partnership or joint venture which is not designated in this policy as a named insured.

5. "insured premises" means:

   a. the residence premises;

   b. one or two family premises of which you acquire ownership or control and for which you report your intention to insure under this policy within 30 days after acquisition;

   c. the ways immediately adjoining on land; and

   d. one or two family dwelling premises alienated by any insured if possession has been given to others.

6. "motor vehicle", when used in Section II of this policy, means:

   a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured premises is not a motor vehicle;

   b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in 6.a. is not a motor vehicle;

FP-8103.3
(5/88)

1

Printed in U.S.A.

**SF- Kirk- 5439 37th ST**
SF-00138

c.  a motorized golf cart, snowmobile, or other motorized land vehicle owned by any **insured** and designed for recreational use off public roads, while off an **insured premises**. A motorized golf cart while used for golfing purposes is not a **motor vehicle**;

d.  a motorized bicycle, tricycle or similar type of equipment owned by any **insured** while off an **insured premises**;

e.  any vehicle while being towed by or carried on a vehicle included in 6.a., 6.b., 6.c., or 6.d.

7.  "**named insured**" means the person or organization named in the **Declarations** of this policy.

8.  "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

a.  **bodily injury**;

b.  **property damage**; or

c.  **personal injury**;

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

9.  "**personal injury**" means injury arising out of one or more of the following offenses:

a.  false arrest, detention or imprisonment or malicious prosecution;

b.  libel, slander or defamation of character; or

c.  invasion of privacy, wrongful eviction or wrongful entry.

10.  "**property damage**" means physical damage to or destruction of tangible property, including loss of use of this property.Theft or conversion of property by any **insured** is not considered to be **property damage**.

11.  "**residence premises**" means the one or two family dwelling, other structures, and grounds which is shown in the **Declarations**.

## SECTION I - COVERAGES

**COVERAGE A - DWELLING**

We cover:

1.  the dwelling on the **residence premises** shown in the **Declarations** used principally as a private residence, including structures attached to the dwelling;

2.  materials and supplies located on or adjacent to the **residence premises** for use in the construction, alteration or repair of the dwelling or other structures on the **residence premises**;

3.  wall-to-wall carpeting attached to the dwelling on the **residence premises**; and

4.  outdoor antennas.

Except as specifically provided in the **SECTION I, ADDITIONAL COVERAGES**, for **Land**, we do not cover land or any costs required to replace, rebuild, stabilize or otherwise restore the land.

**Dwelling Extension.** We cover other structures on the **residence premises**, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

We do not cover other structures:

1.  not permanently attached to or otherwise forming a part of the realty;

2.  used in whole or in part for commercial, manufacturing or farming purposes; or

3.  rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

**COVERAGE B - PERSONAL PROPERTY**

We cover personal property owned or used by any **insured** which is rented or held for rental with the **residence premises** or used for the maintenance of the **residence premises**. This coverage applies only while the personal property is on the **residence premises** or temporarily off premises for repairs.

**SF- Kirk- 5439 37th ST**
SF-00139    FORM 3

**Property Not Covered.** We do not cover:

1. articles separately described and specifically insured in this or any other insurance;

2. animals, birds or fish;

3. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the **residence premises** and not licensed for use on public highways;

4. watercraft, including motors, equipment and accessories;

5. aircraft and parts;

6. outdoor signs.

## COVERAGE C - LOSS OF RENTS

The limit of liability for Coverage C is the total limit for all the following coverages.

1. **Fair Rental Value.** If a Loss Insured causes that part of the **residence premises** rented to others or held for rental by you to become uninhabitable, we cover its fair rental value. Payment shall be for the shortest time required to repair or replace the part of the premises rented or held for rental but not exceeding 12 consecutive months from the date of loss. This period of time is not limited by expiration of this policy. Fair rental value shall not include any expense that does not continue while that part of the **residence premises** rented or held for rental is uninhabitable.

2. **Prohibited Use.** If a civil authority prohibits you from use of the **residence premises** as a result of direct damage to neighboring premises by a Loss Insured in this policy, we cover any resulting Fair Rental Value loss for a period not exceeding two weeks during which use is prohibited.

   We do not cover loss or expense due to cancellation of a lease or agreement.

## ADDITIONAL COVERAGES

1. **Debris Removal.** We will pay the reasonable expense incurred by you in the removal of debris of covered property provided coverage is afforded for the peril causing the loss. Debris removal expense is included in the limit of liability applying to the damaged property. When the amount payable for the actual damage to the property plus the expense for debris removal exceeds the limit of liability for the damaged property, an additional 5% of that limit of liability will be available to cover debris removal expense.

2. **Reasonable Repairs.** We will pay the reasonable cost incurred by you of repairing damage to covered property necessary to protect the property from further damage or loss, provided coverage is afforded for the peril causing the loss. This coverage does not increase the limit of liability applying to the property being repaired.

3. **Trees, Shrubs and Other Plants.** We cover outdoor trees, shrubs, plants or lawns, on the **residence premises**, for loss caused by the following Losses Insured: Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles not owned or operated by a resident of the **residence premises**, Vandalism or malicious mischief or Theft. The limit of liability for this coverage shall not exceed 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants and lawns nor more than $500 for any one tree, shrub or plant. This coverage may increase the limit of liability otherwise applicable. We do not cover property grown for business purposes.

4. **Fire Department Service Charge.** We will pay up to $500 for your liability assumed by **contract** or agreement for fire department charges incurred when the fire department is called to save or protect covered property from a Loss Insured. No deductible applies to this coverage. This coverage may increase the limit otherwise applicable.

5. **Property Removed.** Covered property, while being removed from a premises endangered by a Loss Insured, is covered for direct loss from any cause. This coverage also applies to the property for up to 30 days while removed. We will also pay for reasonable expenses incurred by you for the removal and return of the covered property. This coverage does not increase the limit applying to the property being removed.

6. **Personal Effects.** We will pay up to $500 for loss at the **residence premises** caused by a Loss Insured to personal effects of others while such property is in your

**SF- Kirk- 5439 37th ST**
SF-00140                                    FORM 3

care, custody or control. This coverage is subject to the limitations and exclusions applicable to Coverage B - Personal Property. This coverage is limited to $100 per person and does not increase the limit of liability applying to Coverage B - Personal Property.

7. **Burglary.** We will pay for loss of personal property owned or used by any **insured** which is rented or held for rental with the **residence premises,** when the loss is from a known location within a building on the **residence premises** when it is probable that the property has been stolen and there is visible evidence of forcible entry to or forcible exit from that building. This coverage does not increase the limit of liability applying to Coverage B - Personal Property.

8. **Arson Reward.** We will pay $1,000 for information which leads to an arson conviction in connection with a fire loss to property covered by this policy. This coverage may increase the limit otherwise applicable. However, the $1,000 limit shall not be increased regardless of the number of persons providing information.

9. **Land.** We will pay up to $10,000 for the cost required to replace, rebuild, stabilize or otherwise restore the land necessary to support the insured dwelling sustaining a covered loss. This may increase the limit applying to the property.

10. **Volcanic Action.** We cover direct physical loss to a covered building or covered property contained in a building resulting from the eruption of a volcano when the loss is directly and immediately caused by:

    a. volcanic blast or airborne shock waves;

    b. ash, dust or particulate matter; or

    c. lava flow.

    We will also pay for the removal of that ash, dust or particulate matter which has caused direct physical loss to a covered building or covered property contained in a building.

    One or more volcanic eruptions that occur within a 72-hour period shall be considered one volcanic eruption.

This coverage does not increase the limits applying to the damaged property.

11. **Collapse.** We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

    a. fire, lightning, explosion, windstorm or hail, smoke, aircraft or vehicles, riot or civil commotion, vandalism, leakage from fire extinguishing equipment, volcanic action, falling objects, weight of ice, snow or sleet, water damage, breakage of building glass, all only as insured against in this policy;

    (1) falling objects does not include loss of or damage to:

    (a) personal property in the open; or

    (b) the interior of a building or structure, or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object;

    (2) water damage means accidental discharge or leakage of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam;

    b. hidden decay;

    c. hidden insect or vermin damage;

    d. weight of contents, equipment, animals or people;

    e. weight of ice, snow, sleet or rain which collects on a roof; or

    f. use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of construction, remodeling or renovation.

    Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items b., c., d., e., and f. unless the loss is a direct result of the collapse of a building.

4

FORM 3

SF- Kirk- 5439 37th ST
SF-00141

Collapse does not include settling, cracking, shrinking, bulging or expansion.

This coverage does not increase the limit applying to the damaged property.

## INFLATION COVERAGE

The limits of liability shown in the **Declarations** for Coverages A and B will be increased at the same rate as the increase in the Inflation Coverage Index shown in the **Declarations**.

To find the limits on a given date:

1. divide the Index on that date by the Index as of the effective date of this Inflation Coverage provision; then

2. multiply the resulting factor by the limits of liability for Coverage A and Coverage B separately.

The limits of liability will not be reduced to less than the amounts shown in the **Declarations**.

If during the term of this policy, the Coverage A limit of liability is changed at your request, the effective date of this Inflation Coverage provision is changed to coincide with the effective date of such change.

# SECTION I - LOSSES INSURED

## COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

# SECTION I - LOSSES NOT INSURED

1. We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

   a. collapse, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for **Collapse**;

   b. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:

      (1) maintain heat in the building; or

      (2) shut off the water supply and drain the system and appliances of water;

   c. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf or dock;

   d. theft in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is completed and occupied;

   e. theft of any property which is not actually part of any building or structure;

   f. mysterious disappearance;

   g. vandalism and malicious mischief or breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant;

   h. continuous or repeated seepage or leakage of water or steam from a:

      (1) heating, air conditioning or automatic fire protective sprinkler system;

      (2) household appliance; or

      (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

5

**SF- Kirk- 5439 37th ST**
SF-00142

FORM 3

which occurs over a period of time and results in deterioration, rust, mold, or wet or dry rot. If loss is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

i.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

j.  rust, mold, or wet or dry rot;

k.  contamination;

l.  smog, smoke from agricultural smudging or industrial operations;

m.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

n.  birds, vermin, rodents, insects or domestic animals. We do cover the breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals.

However, we do insure for any ensuing loss from items a. through n. unless the loss is itself a Loss Not Insured by this Section.

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

a.  **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

b.  **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake,

landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for **Volcanic Action.**

We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials resulting from earth movement.

c.  **Water Damage**, meaning:

(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2) water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for direct loss by fire, explosion, or theft resulting from water damage.

d.  **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a Loss Insured.

e.  **War**, including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

f.  **Nuclear Hazard**, meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by

6

**SF- Kirk- 5439 37th ST**  FORM 3
SF-00143

the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke. However, we do insure for direct loss by fire resulting from the nuclear hazard.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

   b. defect, weakness, inadequacy, fault or unsoundness in:

     (1) planning, zoning, development, surveying, siting;

     (2) design, specifications, workmanship, construction, grading, compaction;

     (3) materials used in construction or repair; or

     (4) maintenance;

   of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**.

However, we do insure for any ensuing loss from items a. and b. unless the ensuing loss is itself a Loss Not Insured by this Section.

## SECTION I - CONDITIONS

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we shall not be liable:

   a. to the **insured** for an amount greater than the **insured's** interest; nor

   b. for more than the applicable limit of liability.

2. **Your Duties After Loss.** In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent, and in case of theft, vandalism, or malicious mischief, also to the police;

   b. protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;

   c. prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

     (1) exhibit the damaged property;

     (2) provide us with records and documents we request and permit us to make copies; and

     (3) submit to examinations under oath and subscribe the same;

   e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

     (1) the time and cause of loss;

     (2) interest of the **insured** and all others in the property involved and all encumbrances on the property;

     (3) other insurance which may cover the loss;

     (4) changes in title or occupancy of the property during the term of this policy;

     (5) specifications of any damaged building and detailed estimates for repair of the damage;

     (6) an inventory of damaged personal property described in 2.c.;

     (7) records supporting the fair rental value loss.

**SF- Kirk- 5439 37th ST**
SF-00144

7

FORM 3

3. **Loss Settlement.** Covered property losses are settled as follows:

   a. Personal property and structures that are not buildings at actual cash value, up to the applicable limit of liability, at the time of loss. There may be deduction for depreciation. We will not pay an amount exceeding that necessary to repair or replace;

   b. Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, at actual cash value, up to the applicable limit of liability, at the time of loss. We will not pay an amount exceeding that necessary to repair or replace;

   c. Buildings under Coverage A at replacement cost without deduction for depreciation, subject to the following:

      (1) We will not pay more than the $10,000 limit on Land as provided in **SECTION I, ADDITIONAL COVERAGES.**

      (2) We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:

         (a) the limit of liability under this policy applying to the building;

         (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

         (c) the amount actually and necessarily spent to repair or replace the damaged building.

      (3) We will pay the actual cash value of the damage to the buildings, up to the policy limit, until actual repair or replacement is completed.

      (4) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis.

4. **Loss to a Pair or Set.** In case of loss to a pair or set, we may elect to:

   a. repair or replace any part to restore the pair or set to its value before the loss; or

   b. pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused by a Loss Insured shall be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

9. **Our Option.** We may repair or replace any part of the property damaged or stolen with equivalent property.

8

SF-`Kirk-` 5439 37th ST
SF-00145

FORM 3

Any property we pay for or replace becomes our property.

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

   a. reach agreement with you;

   b. there is an entry of a final judgment; or

   c. there is a filing of an appraisal award with us.

11. **Abandonment of Property.** We need not accept any property abandoned by any **insured.**

12. **Mortgage Clause.** The word "mortgagee" includes trustee.

   a. If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

   b. If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

     (1) notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

     (2) pays any premium due under this policy on demand if you have neglected to pay the premium;

     (3) submits a signed, sworn statement of loss within 60 days after receiving notice from us of

your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

   c. If this policy is cancelled by us, the mortgagee shall be notified at least 10 days before the date cancellation takes effect.

   d. If we pay the mortgagee for any loss and deny payment to you:

     (1) we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

     (2) at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

   e. Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

13. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this policy.

14. **Intentional Acts.** If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other **insured** for this loss.

## SECTION II - LIABILITY COVERAGES

**COVERAGE L - BUSINESS LIABILITY**

If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury, personal injury,** or **property damage** to which this coverage applies, caused by an **occurrence,** and which arises from the ownership, maintenance, or use of the **insured premises,** we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence,** equals our limit of liability.

**SF- Kirk- 5439 37th ST**
SF-00146

9

FORM 3

The total limit of the Company's liability for all **occurrences** in any one policy year shall not exceed the annual aggregate limit shown in the **Declarations** for Coverage L - Business Liability.

## COVERAGE M - PREMISES MEDICAL PAYMENTS

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing **bodily injury** which arises out of a condition on the **insured premises** or for which the **insured** is provided **bodily injury** liability coverage under this policy. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

# SECTION II - EXCLUSIONS

1. **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** do not apply to:

   a. **bodily injury, personal injury,** or **property damage:**

      (1) which is either expected or intended by an **insured;** or

      (2) to any person or property which is the result of willful and malicious acts of an **insured;**

   b. **bodily injury, personal injury,** or **property damage** arising out of the rendering or failing to render professional services;

   c. **bodily injury, personal injury,** or **property damage** arising out of the ownership, maintenance, use, loading or unloading of:

      (1) aircraft;

      (2) any **motor vehicle** owned or operated by, or rented or loaned to any **insured;** or

      (3) any watercraft owned or operated by, or rented or loaned to any **insured;**

   d. **bodily injury, personal injury,** or **property damage** arising out of:

      (1) the entrustment by any **insured** to any person;

      (2) the negligent supervision by any **insured** of any person;

      (3) any liability statutorily imposed on any **insured;** or

      (4) any liability assumed through an unwritten or written agreement by any **insured;**

   with regard to the ownership, maintenance or use of any aircraft, watercraft, or **motor vehicle** (or any other motorized land conveyance) which is not covered under Section II of this policy;

   e. **bodily injury, personal injury,** or **property damage** caused directly or indirectly by war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental;

   f. **bodily injury, personal injury,** or **property damage** arising out of premises, other than the **insured premises,** or to liability assumed by the **insured** under any **contract** or agreement relating to such premises;

   g. to **bodily injury or property damage** for which the **insured** may be held liable:

      (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or

      (2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed:

         (a) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages; or

         (b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or

10

SF- Kirk- 5439 37th ST
SF-00147

FORM 3

which causes or contributes to the intoxication of any person;

but part (b) of this exclusion does not apply with respect to liability of the **insured** or his indemnitee as an owner or lessor described in (2) above;

h. the legal liability of any **insured** to:

(1) any person who is in the care of any **insured** because of child care services provided by or at the direction of:

(a) any **insured**;

(b) any employee of any **insured**; or

(c) any other person actually or apparently acting on behalf of any **insured**;

(2) any person who makes a claim because of **bodily injury** or **property damage** to any person who is in the care of any **insured** because of child care services provided by or at the direction of:

(a) any **insured**;

(b) any employee of any **insured**; or

(c) any other person actually or apparently acting on behalf of any **insured**;

i. **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, spill, release or escape of pollutants:

(1) at or from premises owned, rented or occupied by the **named insured**;

(2) at or from any site or location used by or for the **named insured** or others for the handling, storage, disposal, processing or treatment of waste;

(3) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for the **named insured** or any person or organization for whom the **named insured** may be legally responsible; or

(4) at or from any site or location on which the **named insured**, employee or any contractor or subcontractor working directly or indirectly on behalf of the **named insured** is performing operations:

(a) if the pollutants are brought on or to the site or location in connection with such operations; or

(b) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Subparagraphs (1) and (4)(a) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes which result from a hostile fire or poisoning or asphyxiation due to escape of fumes from a furnace or flue because of a malfunction of the furnace or flue.

In addition, Coverage L and Coverage M do not apply to loss, cost or expense arising out of any governmental direction or request that the **named insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants;

As used in this exclusion:

"hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

"pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.

"waste" includes materials to be recycled, reconditioned or reclaimed.

j. **bodily injury** to an employee of the **insured** arising out of and in the course of employment by the **insured** or the spouse, child, parent, brother or sister of that employee as a consequence of employment of that employee by the **insured**.

This exclusion applies:

(1) whether the **insured** may be liable as an employer or in any other capacity; and

11

SF- Kirk- 5439 37th ST
SF-00148               FORM 3

(2) to any obligation to share damages with or re-pay someone else who must pay damages be-cause of the injury;

k. **bodily injury** to you or any **insured** and if residents of your household:

  (1) your relatives;

  (2) any other person under the age of 21 who is in the care of an **insured**.

2. **Coverage L - Business Liability**, does not apply to:

  a. liability:

  (1) for your share of any loss assessment charged against all members of an association of prop-erty owners; or

  (2) assumed under any unwritten **contract** or agreement, or by **contract** or agreement in connection with any business of the **insured** other than the rental of the **insured premises**;

  b. **property damage** to property owned by any in-sured;

  c. **property damage** to property rented to, occupied or used by or in the care of the **insured**;

  d. **bodily injury** or **personal injury** to any person eli-gible to receive any benefits required to be provided or voluntarily provided by the **insured** under any workers' or workmen's compensation, non-occupa-tional disability or occupational disease law;

  e. **bodily injury, personal injury, or property dam-age** for which any **insured** under this policy is also an **insured** under a nuclear energy liability policy or would be an **insured** but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic En-ergy Liability Underwriters, Nuclear Insurance As-sociation of Canada, or any of their successors;

f. **personal injury** caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any **insured**;

g. **personal injury** sustained by any person as a result of an offense directly or indirectly related to the employment of the person by the **insured**;

h. **personal injury** arising out of any publication or utterance in item b. of the definition of **personal injury**:

  (1) if the first injurious publication or utterance of the same or similar material by or on behalf of the **insured** was made prior to the effective date of this insurance; or

  (2) concerning any business or services made by or at the direction of any **insured** with knowledge of the falsity;

i. **property damage** or **personal injury** to premises you sell, give away or abandon, if the **property damage**, or **personal injury** arises out of those premises.

3. **Coverage M - Premises Medical Payments** does not apply to **bodily injury**:

  a. to any person, eligible to receive any benefits re-quired to be provided or voluntarily provided under any workers' or workmen's compensation, non-occupational disability or occupational disease law;

  b. from any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncon-trolled or however caused, or any consequence of any of these;

  c. to any **insured**, any tenant or other person regularly residing on the **insured premises** or to any em-ployees of any of the foregoing if the **bodily injury** arises out of or in the course of their employment;

  d. to any person engaged in maintenance and repair of the **insured premises** or alteration, demolition or new construction at such premises.

**SF- Kirk- 5439 37th ST**
SF-00149

12                                        FORM 3

# SECTION II - ADDITIONAL COVERAGES

We cover the following in addition to the limits of liability:

1. **Claim Expenses.** We pay:

   a. expenses incurred by us and costs taxed against any **insured** in any suit we defend;

   b. premiums on bonds required in a suit defended by us, but not for bond amounts greater than the limit of liability for Coverage L. We are not obligated to apply for or furnish any bond;

   c. reasonable expenses incurred by any **insured** at our request, including actual loss of earnings (but not loss of other income) up to $50 per day for assisting

   us in the investigation or defense of any claim or suit;

   d. prejudgment interest awarded against the **insured** on that part of the judgment we pay; and

   e. interest on the entire judgment which accrues after entry of the judgment and before we pay or tender, or deposit in court that part of the judgment which does not exceed the limit of liability that applies.

2. **First Aid Expenses.** We will pay expenses for first aid to others incurred by any **insured** for **bodily injury** covered under this policy. We will not pay for first aid to you or any other **insured**.

# SECTION II - CONDITIONS

1. **Limit of Liability.** The Coverage L limit is shown in the **Declarations.** This is our limit for all damages from each **occurrence** regardless of the number of insureds, claims made or persons injured.

   The Coverage M limit is shown in the **Declarations.** This is our limit for all medical expense payable for **bodily injury** to one person as the result of one accident.

2. **Severability of Insurance.** This insurance applies separately to each **insured**. This condition shall not increase our limit of liability for any one **occurrence**.

3. **Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

   a. give written notice to us or our agent as soon as practicable, which sets forth:

      (1) the identity of this policy and **insured**;

      (2) reasonably available information on the time, place and circumstances of the accident or **occurrence**; and

      (3) names and addresses of any claimants and available witnesses;

   b. immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

   c. at our request, assist in:

      (1) making settlement;

      (2) the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any **insured**;

      (3) the conduct of suits and attend hearings and trials;

      (4) securing and giving evidence and obtaining the attendance of witnesses;

   d. the **insured** shall not, except at the **insured's** own cost, voluntarily make any payment or assume any obligation or incur any expense other than for first aid to others at the time of the **bodily injury.**

4. **Duties of an Injured Person - Coverage M - Premises Medical Payments.** The injured person, or, when appropriate, someone acting on behalf of that person, shall:

   a. give us written proof of claim, under oath if required, as soon as practicable;

   b. execute authorization to allow us to obtain copies of medical reports and records; and

13

SF- Kirk- 5439 37th ST
SF-00150

FORM 3

c. submit to physical examination by a physician selected by us when and as often as we reasonably require.

5. **Payment of Claim - Coverage M - Premises Medical Payments.** Payment under this coverage is not an admission of liability by any **insured** or us.

6. **Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions.

No one shall have any right to join us as a party to any action against any **insured**. Further, no action with respect to Coverage L shall be brought against us until the obligation of the **insured** has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of any Insured.** Bankruptcy or insolvency of any **insured** shall not relieve us of any of our obligations under this policy.

8. **Other Insurance - Coverage L - Business Liability.** This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTION I AND SECTION II - CONDITIONS

1. **Policy Period.** This policy applies only to loss under Section I or **bodily injury, personal injury,** or **property damage** under Section II which occurs during the period this policy is in effect.

2. **Concealment or Fraud.** This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

3. **Liberalization Clause.** If we adopt any revision which would broaden coverage under this policy without additional premium, within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination shall not waive any of our rights.

5. **Cancellation.**

   a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect. We may waive the requirement that the notice be in writing by confirming the date and time of cancellation to you in writing.

   b. We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice:

      (1) When you have not paid the premium, whether payable to us or to our agent or under any finance or credit plan, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect.

      (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by notifying you at least 10 days before the date cancellation takes effect.

      (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy or if the risk has changed substantially since the policy was issued. We may cancel this policy by notifying you at least 30 days before the date cancellation takes effect.

      (4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary by notifying you at least 30 days before the date cancellation takes effect.

   c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request can-

14

**SF- Kirk- 5439 37th ST**
SF-00151

FORM 3

cellation, the return premium will be based on our rules for such cancellation. The return premium may be less than a full pro rata refund. When we cancel, the return premium will be pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Non-Renewal.** We may elect not to renew this policy. If we elect not to renew, a written notice will be delivered to you, or mailed to you at your mailing address shown in the **Declarations.** The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

7. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

8. **Subrogation.** Any **insured** may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, any **insured** shall sign and deliver all related papers and cooperate with us in any reasonable manner.

Subrogation does not apply under Section II to Premises Medical Payments.

9. **Death.** If any person named in the **Declarations** or the spouse, if a resident of the same household, dies:

a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under this policy at the time of death;

b. **insured** includes with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

11. **Inspection and Audit.** We shall be permitted but not obligated to inspect your property and operations at any time. However, our right to inspect or our actual inspection and report shall not constitute an undertaking on your behalf or for your benefit or the benefit of others to determine or warrant that the property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

We may examine and audit your books and records at any time during the policy period and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

## OPTIONAL POLICY PROVISIONS

Each Optional Provision applies only as indicated in the **Declarations** or Extension Certificate.

**Option AI - Named Additional Insured.** The definition of insured in this policy includes the person or organization named in the **Declarations** as an additional insured or whose name is on file with us with respect to:

1. Section I: **Coverage A - Dwelling;**

2. Section II: **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** but only with respect to the **residence premises.** This coverage does not apply to **bodily injury** to any employee arising out of or in the course of the employee's employment by the person or organization.

This option applies only with respect to the location shown in the **Declarations.**

**Option RC - Replacement Cost - Contents.** Under **SECTION I - CONDITIONS,** items a. and b. of the Loss Settlement Condition are replaced with the following:

a. (1) Fences and the following personal property at actual cash value at the time of loss:

(a) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

(b) articles whose age or history contribute substantially to their value including, but

15

FORM 3

not limited to, memorabilia, souvenirs and collectors items;

   (c) property not useful for its intended purpose.

(2) We will not pay:

   (a) an amount exceeding that necessary to re-pair or replace the property; or

   (b) an amount in excess of the limit of liability applying to the property.

b. Other personal property, carpeting, domestic appli-ances, awnings and outdoor antennas, whether or not attached to buildings, and other structures (ex-cept fences) that are not buildings under Dwelling Extension, at the cost of repair or replacement at the time of loss without deduction for depreciation, subject to the following:

(1) We will pay the cost of repair or replacement but not exceeding the smallest of the following amounts:

   (a) replacement cost at time of loss;

   (b) the full cost of repair;

   (c) any special limit of liability described in the policy; or

   (d) any applicable Coverage A or Coverage B limit of liability.

(2) Loss to property not repaired or replaced within one year after the loss will be settled on an ac-tual cash value basis.

IN WITNESS WHEREOF, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company at the agency hereinbefore mentioned.

<br>

*Kim M. Brunner*

Secretary

*Edward B Rust, Jr*

President

The Board of Directors, in accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment are proper.

16

FORM 3